[No. 15337. Department Two.—June 1, 1894.]

PIETRO PERPOLI, APPELLANT, v. GRAND 'LODGE OF LEGION OF THE WEST, RESPONDENT.

MUTUAL BENEFIT SOCIETY—ENDOWMENT COUPONS—INSUFFICIENT FUND—PRO RATA APPORTIONMENT.—In a mutual benefit society in which a special benefit fund is created for the benefit of members of a certain class to whom endowment coupons have been issued, the number of the assessments for the payment of the coupons being regulated by the grand lodge of the society at its annual meetings, one of the holders of such coupons is not entitled to recover the entire amount of his coupon, to the exclusion of members of the same class with himself, where the fund is insufficient to pay all of the coupons of the same class maturing at the same time; but, in such case, the fund should be divided equally between all the holders of such maturing coupons, and the plaintiff is only entitled to recover his proportionate part of such fund.

ID.—PARTIES—BENEFICIARIES NOT BEFORE THE COURT—ASSERTION OF RIGHTS BY TRUSTEE.—The fact that other beneficiaries of the same class are not parties to the action, and are not before the court, asserting in their own names their right to participate in the fund, does not affect the right of the plaintiff to recover more than his proportionate share; but the defendant, as trustee of the fund in which such beneficiaries are entitled to share, may assert their rights for them and resist plaintiff's right to recover more than his proportionate share of the fund.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Rogers & Chilstrom,* for Appellant.

*F. William Reade,* for Respondent.

DE HAVEN, J.—The plaintiff sought by this action to
recover a judgment against the defendant for the sum
of six hundred dollars upon a coupon maturing Sep-
tember 7, 1891, attached to a special benefit certificate,
entitling him to participate in the special benefit fund
of the defendant in an amount to be computed in
accordance with its laws.   The plaintiff is a special ben-
efit member of the sixth class belonging to one of the
subordinate lodges of defendant, and the laws provide:
" If the member is a special benefit member of the sixth
class at the time of maturity of the coupon he shall re-
ceive the whole amount of one assessment from every spe-
cial benefit member in good standing at the date of such
maturity."   The court below found " that the defendant
was and is a mutual benefit association, organized for
the purpose, in consideration of certain moneys paid to
it, of paying, at the death of its members, a stipulated
sum of money to a designated nominee, subject to its
constitution and by-laws. . . . . That each installment
of said endowment was and is paid to each member out
of a fund created for that special purpose, and held by
the defendant in trust for the purpose of said payment."
This fund is known as the " Special Benefit Fund," and
is derived from assessments made upon special benefit
members of the defendant.   The number of these
assessments is regulated by the grand lodge at its
annual meetings.   The court further found " that there
was some two thousand two hundred dollars in the special
benefit fund at the time of the maturity of plaintiff's
coupon; that the said fund was subject to two prior
attachments upon claims of similar character to plain-
tiff's for the sum of six hundred dollars each, with costs,
and to plaintiff's attachment for six hundred dollars and
costs; that there are other remaining members who

have claims upon the said sum largely exceeding the sum of two thousand two hundred dollars." As a conclusion of law from the foregoing facts, the court found that, inasmuch as the special benefit fund held by defendant is not sufficient to pay all the coupons of the same class as that of plaintiff, and maturing at the same time, the fund should be divided equally between all the holders of such maturing coupons; and that the plaintiff was only entitled to recover in this action his proportionate part of such fund, amounting to the sum of forty-five dollars, and thereupon gave judgment in favor of plaintiff for said sum of forty-five dollars. The plaintiff appeals.

The conclusion reached by the learned judge of the superior court is clearly right. The plaintiff is not entitled to recover the entire amount of his coupon to the exclusion of members of the same class as himself, and who possess an equal right to share in the special benefit fund, under the constitution and laws of the defendant. Nor is the case changed by reason of the fact that the other members are not before the court asserting in their own names their right to participate in the fund in controversy. The defendant, as trustee of this fund in which such members are entitled to share, may assert such rights for them, and resist plaintiff's right to recover more than his proportionate share of such fund.

Judgment and order affirmed.

McFARLAND, J., and FITZGERALD, J., concurred.