[No. 15837.   Department One.—February 13, 1895.]

## MARY KRUGER, RESPONDENT, v. LIFE AND ANNUITY ASSOCIATION, DEFENDANT, J. R. McDONALD, STATE TREASURER, APPELLANT.

MUTUAL BENEFIT ASSOCIATION—ENDOWMENT CERTIFICATE—FORECLOSURE OF LIEN—DEMURRER OF STATE TREASURER.—In an action to enforce the payment of an endowment certificate in a life and annuity association, and to enforce a lien upon its funds in the possession of the state treasurer, a complaint which alleges a full performance of all the conditions of the contract on the plaintiff's part, and a breach of the contract on the part of the association, and that the association has on deposit with the state treasurer an amount fully sufficient to pay the demand and claim of the plaintiff, is not subject to a demurrer by the state treasurer as a party defendant, on the ground that it does not state facts sufficient to constitute a cause of action; nor on the ground that the court has no jurisdiction of the person of the state treasurer.

ID.—INSUFFICIENCY OF FUNDS TO PAY ALL MATURED COUPONS—MATTER OF DEFENSE.—The insufficiency of the funds of a mutual benefit society to pay all endowment coupons of the same class cannot be relied upon by way of demurrer to the complaint of a plaintiff suing upon a matured coupon to enforce payment out of a sufficient fund to pay the claim of plaintiff, and if there are any other claimants to the same fund whose rights to the assets defendants are authorized to assert, the facts must be set up by way of defense in the answer, and if not so set up, either by the association or by the state treasurer, the latter cannot avail himself of it on appeal from a judgment overruling his demurrer to the complaint, and enforcing a lien in favor of the plaintiff.

ID.—PARTIES—SECURITIES DEPOSITED WITH STATE TREASURER—STATE NOT INTERESTED.—The statute requiring that the bonds or securities of a mutual benefit association, of the value of five thousand dollars, be

placed with the state treasurer and held by him in trust for the holders
of contracts with the corporation, and creating a lien upon all the
property of the corporation for payment to the beneficiary of the
amount specified in the contract, if not invalidated by fraud or breach
of its conditions, does not give the state any property or interest in
the securities, but simply makes the state treasurer the custodian of
the securities placed in his possession, and the plaintiff having a lien
upon them for payment has a right to enforce that lien and to make
the state treasurer, as custodian of the securities, a party to the action,
and such action is not against the state.

APPEAL from a judgment of the Superior Court of
Alameda County.

The facts are stated in the opinion.

*Attorney General W. H. H. Hart*, and *Deputy Attorney
General Oregon Sanders*, for Appellant.

The general demurrer of the state treasurer should
have been sustained, as the funds in his possession
were held by him in trust for all the contract holders
of the corporation defendant, and were not to be de-
livered by him to any one contract holder to the exclu-
sion of the others as contemplated by the complaint.
(Act of March 19,1891, sec. 25; Stats. 1891, p. 126.) The
pleader in such a case should state facts sufficient to show
the right of his client to participate in the trust fund
of the defendant corporation, and the extent of her
right. (*Perpoli* v. *Grand Lodge*, 102 Cal. 592.)

*Otto tum Suden*, for Respondent.

Appellant's demurrer was properly overruled. Under
the statute the respondent had a lien on the fund in
the hands of the appellant for the amount due her
from the corporation, and was therefore unquestionably
entitled to maintain her action of foreclosure. (See
Stats. of 1891, p. 126, secs. 2, 4, 5.) If there were others
who had claims against the fund it was the defendants'
duty to set up that fact by way of answer. (*Perpoli* v.
*Grand Lodge*, 102 Cal. 592.)

BELCHER, C.—The plaintiff was admitted to member-
ship in the defendant corporation on the twenty-sixth

day of February, 1886. A certificate of membership was then issued to her, by which it was stipulated and agreed that "if the said Mary Kruger shall fully comply with the laws and regulations of said association, and shall pay to said association the annual dues, at the rate of two dollars for each one thousand dollars benefit provided by this certificate, and shall pay within thirty days after notification each assessment made and levied by said association, in accordance with its by-laws, she shall be entitled to a benefit of ten thousand dollars, to be paid in five equal installments or endowments, at periods as follows, to wit: First endowment April 26, 1893," etc.

Attached to the certificate were endowment coupons, the first of which stated "that Mary Kruger is entitled to receive the sum of two thousand dollars as the first payment of her endowment certificate, etc., on April 26, 1893."

After the maturity of the said first coupon plaintiff presented the same to the defendant corporation at its office, and demanded payment of the amount due thereon, but payment was refused. She thereupon commenced this action, alleging, among other things, that she had duly kept and performed all the conditions of the said contract to be by her kept and performed; that on the twenty-seventh day of April, 1893, the said corporation had and ever since has had a sum of money in its beneficiary, coupon, endowment, and reserved funds fully sufficient to pay the demand and claim of the plaintiff, and that it then and ever since has had on deposit with the state treasurer of the state of California, in bonds and securities, an amount equivalent to the sum of five thousand dollars, as required by section two of an act of the legislature of this state, entitled "An act relative to life, health, accident, and annuity or endowment insurance on the assessment plan, etc., approved March 19, 1891"; and a'so that prior to the commencement of the action plaintiff served notice in writing upon J. R. McDonald, state treasurer, of her said claim and the

denial of all liability therefor by said corporation, and that she claimed a lien upon the funds, property or moneys deposited with said treasurer, as provided by section 4 of the said act of March 19, 1891.

The prayer was for judgment against the defendant corporation for the sum of two thousand dollars, with interest and costs, and that the sum adjudged to be due be decreed to be a lien upon any funds, property, moneys, bonds, or securities belonging to said corporation and in the hands or possession of the state treasurer, and that the said lien be foreclosed, etc.

The defendant corporation demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action; and the defendant, McDonald, demurred to it on the same ground, and the further ground: "That the court has no jurisdiction of the person of the defendant, J. R. McDonald, state treasurer."

The demurrers were overruled, and thereupon the corporation answered, alleging that the plaintiff had not complied with its laws and regulations in certain specified respects, and was therefore not entitled to the payment of the sum of money claimed by her, nor of any sum whatever.

The case was tried, and the court found the facts in favor of the plaintiff, and rendered judgment and decree for the sum found due as prayed for.

From this judgment and decree the defendant, McDonald, alone appeals; and his only contention is that the court erred in overruling his demurrer.

It is claimed for appellant that the complaint did not state facts sufficient to constitute a cause of action, because under section 2 of the act of March 19, 1891 (Stats. 1891, p. 126), the funds in his possession were held by him in trust for all the contract holders of the corporation defendant, and were not to be delivered by him to any one contract holder to the exclusion of the others, but should be divided equally between them all, and that the complaint should have shown the right of the

plaintiff to participate in the trust fund and the proportionate share of the fund to which she was entitled. In support of this position counsel cite the case of *Perpoli* v. *Grand Lodge*, 102 Cal. 592.

In that case it was held that, in a mutual benefit society in which a special fund is created for the benefit of members of a certain class to whom endowment coupons have been issued, one of the holders of such coupons is not entitled to recover the entire amount of his coupon, to the exclusion of members of the same class with himself, where the fund is insufficient to pay all of the coupons maturing at the same time; but in such case the fund should be divided equally between all the holders of such maturing coupons, and the plaintiff should recover only his proportionate part of such fund; and that the fact that other beneficiaries of the same class are not parties to the action, and are not before the court asserting in their own names their right to participate in the fund, does not affect the right of the plaintiff to recover more than his proportionate share, but that the defendant, as trustee of the fund, may assert their rights for them, and resist plaintiff's right to recover more than his proportionate share of such fund.

The case cited is not in point, for the reason that here it does not appear that there were any other contract holders having coupons maturing at the same time, nor, if there were, that the trust fund was not sufficient to pay all the coupons in full. If, however, there were other claimants whose rights defendants were authorized to assert, they should have set up the facts by answer, as they were in position to know them, and the plaintiff was not.

The answer filed interposes no such defense, and the appellant cannot therefore avail himself of it on his demurrer.

In support of the demurrer, upon the ground that the court had no jurisdiction of the person of appellant as state treasurer, it is claimed that "the action is really

against the state, and not against the state treasurer, and no authority has been given by the legislature to private parties to sue the state in such actions."

This claim has no support in law or reason. The statute (act of March 19, 1891) requires that bonds or securities of the value of five thousand dollars shall be placed with the state treasurer and be held by him in trust for the contract holders of the corporation, and in section 4 it provides: " Unless the contract shall have been invalidated by fraud or by breach of its conditions the corporation shall be obligated to pay the beneficiary the amount or amounts specified in its contract at the time or times therein named, and such indebtedness shall be a lien upon all the property of such corporation."

Under these provisions the appellant was simply the custodian of the securities placed in his possession, holding them in trust for the plaintiff and other claimants, if there were such, and the indebtedness to plaintiff was a lien upon them. The state had no property or interest in the said securities. But the plaintiff, having a lien upon them for the payment of the indebtedness to her, had a right to have that lien enforced, and to make the appellant, as such custodian, a party to the action.

The demurrer was properly overruled and the judgment should be affirmed.

VANCLIEF, C., and SEARLS, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.

HARRISON, J., GAROUTTE, J., VAN FLEET, J.