[Sac. No. 268.    Department Two.—April 9, 1898.]

PETER McGRAW, Respondent, v. FRIEND AND TERRY LUMBER COMPANY, Appellant.

Negligence—Reasonable Care.—The general rule is, that to authorize a recovery for damages occasioned by the negligence of another, the plaintiff must have exercised that reasonable degree of care to avoid the injury which an ordinarily prudent person would have exercised under like circumstances.

Id.—Dangerous Sidewalk—Lack of Attention.—A pedestrian who voluntarily elects to walk during a dark night, along a sidewalk which is in process of repair and in a dangerous condition, which condition was well known to him from repeated use made of it in the daytime, when he had a perfectly safe passageway by the street or by the opposite sidewalk, is guilty of contributory negligence in not avoiding the known danger, and if he is injured by reason of its dangerous condition, cannot recover from the owner of the adjoining lot; and the fact that at the moment of the injury his attention was distracted by an expiring street light is immaterial.

Id.—Negligence—When Question of Law.—While the question of negligence is nearly always a matter for the jury, and the burden of proving contributory negligence is on the defendant, yet when it appears from the undisputed facts that the plaintiff has not exercised such care as men of prudence usually exercise in positions of like exposure and danger, the question is one of law for the court.

Id.—Erroneous Refusal of Nonsuit.—In an action to recover damages for an alleged negligence, the erroneous refusal of a motion for a nonsuit is not cured by the subsequent verdict of the jury in favor of the plaintiff.

APPEAL from a judgment of the Superior Court of the County of Sacramento and from an order refusing a new trial. Matt. F. Johnson, Judge.

The facts are stated in the opinion.

Holl & Dunn, for Appellant.

A. L. Hart, for Respondent.

HAYNES, C.—This appeal is by the defendant from a judgment in favor of the plaintiff, and from an order denying defendant's motion for a new trial.

The action is for the recovery of damages for personal injuries. A jury trial was had and a verdict returned awarding damages to the plaintiff in the sum of three thousand dollars.

The defendant is the owner of two lots fronting on the north line of J street in the city of Sacramento. These lots are six or seven feet below the grade of the sidewalk, and on them was a shed, the front of which was fifteen or sixteen inches from the inner line of the sidewalk. The former sidewalk consisted of boards, and this was removed in August, 1894, and a bulkhead erected on the line of the lot, and the space between it and the curb filled with earth, with the intention of laying a stone sidewalk. The front of the shed was supported by posts, but was not boarded up, and the floor was about six inches lower than the top of the bulkhead.

While the sidewalk was in this condition the higher part, near the bulkhead, was principally used by people walking over it, and on the 18th of November, 1894, after night, the plaintiff fell into the opening or space between the bulkhead and the shed

and to the ground below, and received the injuries for which compensation is sought.

The work of filling the sidewalk with earth was completed about October 15th, some thirty odd days before the accident, and no railing or other protection had been erected to prevent accidents.

As to the circumstances under which the accident occurred, the plaintiff testified: That after the sidewalk was fixed he had passed over it a very few times before the accident; that the night of the accident there was no moon, and it was cloudy and very dark; that it was not raining that evening; that he thought the sidewalk was a little muddy near the gutter, but there was no mud near the bulkhead, though it was damp and a little slippery; that there were no lights in the windows on that side of the street, and only in two or three on the other; that there was an electric light at the corner of Eleventh and J streets; that when he got about half way along the block the electric light was flickering and just going out, and he looked round to see if it was going out, that it gave no light, and when he turned his head he "went right down into that vacancy."

Upon cross-examination, he testified that he had been traveling up and down that street for forty years, but could not tell how many times he had passed over it after it was filled in before the accident; that he might have passed over it a few times in the daytime, but did not recollect of passing over it at night until the night of the accident; that the people traveled mostly over the high part next the bulkhead, that he used that part himself frequently—so frequently that he noticed there was a beaten path there; that when he looked back at the light he halted and saw the light was going out; that the next step he took after he looked round he "went into that vacancy"; that he was traveling near the bulkhead because it was better traveling there; that sometimes he took the south side of the street and sometimes the north side.

The only other evidence relating to the question of negligence was to the effect that the inspector of sidewalks, in March preceding the accident, served notice upon defendant to remove the old wooden sidewalk and construct a new sidewalk, and that

another notice was served in August, the defendant not having complied with the first notice. Defendant's objection to this evidence should have been sustained. It did not tend to show negligence in leaving the space between the shed and the bulkhead unprotected, but simply a neglect to promptly comply with the order to remove the old walk and build a new one.

Whether the court erred in refusing defendant's motion to strike out the evidence of Patrick Barry, to the effect that one night, sometime after the accident which is the subject of this action, he "stepped back of the bulkhead and fell down," need not be decided. It may tend to show negligence in permitting the space to be unprotected, and that in fact it was a dangerous place; but, on the other hand, it tends strongly to sustain appellant's contention that it was contributory negligence in anyone who knew the condition of the unfinished sidewalk, and the unprotected space between it and the shed, to attempt to use it at night.

There was some additional evidence tending to show that the earth filling had settled unevenly, that the general surface of the sidewalk was not in good condition, and that the travel over it was generally confined to the path near the bulkhead.

At the conclusion of the evidence on the part of the plaintiff the defendant moved for a nonsuit, upon the ground, among others, that the negligence of the plaintiff was the proximate cause of the accident. This motion was overruled, and the defendant excepted.

"The general rule is, that to authorize a recovery for damages occasioned by the negligence of another, the plaintiff must have exercised that reasonable degree of care to avoid the injury which an ordinarily prudent person would have exercised under like circumstances." (*Dufour v. Central Pac. R. R. Co.,* 67 Cal. 322.)

The sidewalk in question was in an unfinished condition. It had recently been filled with earth from the level of the lots to the level of the street, a depth of six or seven feet. The purpose was to lay a stone walk upon it. Its condition was well known to plaintiff. He had passed over it daily to his meals before the old walk was removed preparatory to filling in with earth, and after the filling he had passed over it "several times,"

or "frequently," but did not admit that he had used it in the night time until the night of the accident. Some reason must have influenced him in not using it at night. Indeed, it would seem to be but common prudence not to use an unfinished walk on a dark night unless it was necessary to do so, and when so used reasonable care in its use is materially different from reasonable care in using a completed sidewalk. Plaintiff testified that he used the part of the sidewalk next the bulkhead and open space because of the condition of the remainder of it. He had frequently used the unfinished sidewalk in daylight, and knew not only its condition, but that the portion used was alongside of the open space, which was unprotected, and if dangerous for that reason he knew that it was so, and yet, on a dark night, with an open street and a sidewalk on the other side, he elected to pass over the unfinished walk close beside the open space through which he fell. That caution and care, which should be considered reasonable in the use of such a sidewalk under such circumstances, it is apparent should far exceed the reasonable care and caution ordinarily required in the use of sidewalks in dark nights. Plaintiff had no right to assume, as seems to be argued by his counsel, that because sidewalks generally are and ought to be free from dangerous excavations or pitfalls, that he might proceed in the dark as though there was no danger when he knew that danger in fact existed. He was as fully aware that danger lay concealed in the darkness beside the walk as did the defendant who left the open space unguarded. "What would be extreme care under one condition of knowledge and one state of circumstances would be gross negligence with different knowledge and in changed circumstances." (*Smith v. Whittier,* 95 Cal. 279.) If the night was so dark that he could not see the danger which he knew existed, it was recklessness to attempt to pass over the dangerous sidewalk, a safe passageway being at hand, and if it were light enough to see the danger it was negligence not to avoid it.

As to the electric light at the corner of Eleventh and J streets, the plaintiff testified that it "was flickering and went down to nothing. . . . . When I looked back at the light, I halted and looked back, and I saw the light was going out. At that time I was only a step or so from where the accident happened. The

next step I took after I looked around I went into that vacancy."

It is said by plaintiff's counsel that the flickering and expiring light would have attracted the attention of any ordinary person, and the fact that upon turning he fell into this dangerous opening is not at all remarkable; and to enforce this view he cites from *Barry v. Terkildsen*, 72 Cal. 254, 1 Am. St. Rep. 55, the following passage: "A sidewalk in a street of a city, not near a crossing, may be taken by one passing over it to be safe, and not a dangerous place. In this case the respondent had a right to presume that the sidewalk was in the same condition in which she had always found it; and the fact that her attention was momentarily attracted in another direction—a thing of most common occurrence to travelers along a street—falls far short of that contributory negligence which in law defeats an action for damages."

In that case there was a hole in the sidewalk in front of defendant's house which was covered by a trapdoor. The plaintiff, a schoolgirl, lived next door and was familiar with the street, but had never seen the trapdoor removed, and did not know that the hole was there. On the occasion of the injury, as plaintiff went out of the house, her attention was attracted in another direction, and she fell into the hole. It will be observed that the court did not say that if the hole had constantly been open, and she had known it, that it would not have constituted contributory negligence. In this case the plaintiff knew the condition of the sidewalk, and its dangers, and if, after he had turned to look at the flickering electric light, he had used reasonable caution, he would not have stepped aside and into the open space the first step he made. If the street was in a dangerous condition he knew it, and was bound by considerations of his own safety to remember it, and to exercise care and caution commensurate with the danger. The condition in which sidewalks usually are, or ought to be, furnished no measure of his care to avoid injury.

"While the question of negligence is nearly always a matter for the jury, and the burden of proving contributory negligence is on the defendant, yet when it appears from the undisputed facts—shown by the plaintiff's own evidence—that the deceased has not exercised such care as men of prudence usually exercise

in positions of like exposure and danger, the question is one of law for the court." (*Glascock v. Central Pac. R. R. Co.*, 73 Cal. 141; *Orcutt v. Pacific Coast Ry. Co.*, 85 Cal. 298; *Stephenson v. Southern Pac. Co.*, 102 Cal. 149; *Davis v. California Street Car Co.*, 105 Cal. 135.)

In the case last cited the defendant had left an iron rail lying upon the sidewalk in front of plaintiff's house for several weeks. The plaintiff knew it was there. The night of the accident there was an alarm of fire, and plaintiff ran out to see where the fire was, and fell over the rail and dislocated her shoulder. She testified "that she knew it was there, but on that night forgot it was there." A verdict for defendant was directed by the court, and the judgment was affirmed.

Conceding that the defendant was negligent in not erecting some barrier to prevent accidents, the plaintiff was so clearly guilty of contributory negligence as to prevent a recovery.

It is said by counsel for respondent that the question of negligence has been submitted to a jury, and that the court should be bound by their conclusion. But the motion for a nonsuit was addressed to the court, and presented a question of law for it to decide, and in deciding that question the court erred; and the subsequent decision of the jury could not cure that error.

It may be added, however, that there was nothing in the subsequent evidence which in anywise strengthened the plaintiff's case.

In view of the conclusion reached, other questions argued by counsel need not be considered.

We advise that the judgment and order appealed from be reversed.

Chipman, C., and Britt, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are reversed.

McFarland, J., Temple, J., Henshaw, J.

Hearing in Bank denied.