[L. A. No. 4799. Department Two.—March 20, 1919.]

ROY ELLIS, Respondent, v. A. S. BONEBREAK, Appellant.

[1] NEGLIGENCE—ABSENCE OF SPECIFIC FINDING—REVERSAL OF JUDGMENT.—A judgment in an action for damages for personal injuries based on negligence must be reversed, even though it be assumed that the general allegation of negligence is sufficient to support the judgment, where there is no specific finding of negligence and the probative findings as made do not lead to the one inevitable conclusion of negligence.

APPEAL from a judgment of the Superior Court of Los Angeles County. Chas. Monroe, Judge. Reversed.

The facts are stated in the opinion of the court.

Duke Stone for Appellant.

Richard A. Dunnigan for Respondent.

MELVIN, J.—Defendant appeals from a judgment for five hundred dollars obtained in an action for personal damages. The findings of fact, which are supported by the evidence, are in substance as follows: On the twenty-second day of July, 1915, plaintiff, accompanied by a lady, was walking in a westerly direction on the north side of Hammel Street, in the county of Los Angeles. Hammel Street is a public highway and is without the limits of any incorporated city or town. The pedestrians were walking "just a little north of the center of the highway," the lady being at plaintiff's right. Defendant, who was driving a motor car, approached them from the rear. According to the findings "the defendant was not operating his automobile on the wrong side of Hammel Street and was not operating it at a careless or dangerous rate of speed, but was operating it at the rate of twenty miles an hour. As the defendant approached the pedestrians he saw them in front of him for more than a block and did not sound any horn until he was within a hundred feet of them, when he did sound a horn loud enough for them to hear if they had been paying strict attention. He did not, however, slacken the speed of his automobile at that point, but continued at the same speed until he was within about twenty-five or thirty feet" of the pedestrians. Meantime neither of them had changed position on the highway, nor had they indicated in any manner that they had heard the blowing of the horn. Thereupon he immediately slackened his speed, again sounded the horn and swerved to the left for the purpose of passing them. When the automobile was somewhere between six and fifteen feet of them the lady leaped to her right and avoided injury. The plaintiff, who looked around at that time, leaped to the left in front of the automobile, and as soon as the defendant saw that the pedestrians were changing their course he immediately put the brakes on the machine and

stopped it as quickly as it was possible for him to bring it to a standstill. It was further found that "if the plaintiff and Bertha Liebig had continued in their original course he would have passed around them in the course he took by swerving to the left, and neither of them would have been injured." It was also found that there was plenty of room on the street for the defendant to have swerved farther to the left than he did, thus avoiding the plaintiff. The plaintiff was struck by the machine and received injuries which need not be here enumerated, for the reason that no point is made by appellant that the judgment is excessive. As conclusions of law from the facts found the court determined that plaintiff was entitled to recover from defendant in the amount named.

Appellant insists that the cause must be reversed because there was no formal finding of negligence on the part of the defendant. Respondent contends that the probative findings support a conclusion that the defendant was guilty of negligence. With this latter theory we cannot agree. While it is true that the complaint does contain a general allegation that all the injuries were caused proximately by defendant's negligence and without any carelessness on plaintiff's part, the specific averments were that the automobile was driven at excessive speed and on the wrong side of the street and that no warning was given. The court found against these alleged instances of negligence. [1] If we assume that the general allegation of negligence was sufficient to support a judgment, nevertheless we are confronted by the fact that there was no specific finding of negligence. The probative findings as made do not lead to the one inevitable conclusion of negligence; therefore, the absence of a specific finding upon that subject compels this court to order the case to the superior court for another trial.

Judgment reversed.

Wilbur, J., and Lennon, J., concurred.