[Civ. No. 2865. First Appellate District, Division One.—June 19, 1919.]

## PATRICIA K. WEBSTER, Respondent, v. MOTOR PAR-CEL DELIVERY COMPANY (a Corporation), Appellant.

[1] NEGLIGENCE—RIGHT OF AUTOMOBILIST TO TRAVEL ALONG BUSY STREET.—While a person may have a right to travel in a particular direction on a given side of a busy street, along the center of which automobiles are parked in accordance with a traffic ordinance, such right must be exercised with due regard to the facts that it is a busy street and that persons parking their cars in the center of the street shall be entitled to cross it at any point from the place of parking their machines to the sidewalk, and are likely to be exercising that privilege at any moment.

[2] ID.—DRIVING BETWEEN PARKED CARS AND SIDEWALK—COURSE OF DRIVER—SPEED—FINDING.—Where such person has a space of almost eighteen feet within which to operate his machine, for him to drive within two and one-half or three feet from the rear ends of the cars parked in the center of the street, from which pedestrians are liable to emerge at any moment and at any place along his route is a fact from which of itself the court might fairly infer negligence on the part of the driver, which, taken with the court's conclusion that such driver was traveling at a speed of about twenty-five miles, sounding no warning, is amply sufficient to sustain the court's finding of negligence to be imputed to the employer of such driver.

[3] ID.—SUFFICIENCY OF FINDING OF NEGLIGENCE.—Findings that the plaintiff's injuries to her person and property were "caused solely by the negligence of the defendant," and that plaintiff "was walking in a westerly direction from her automobile and had proceeded approximately three feet from the westerly end of her automobile when an automobile operated by the defendant, by its servant . . . , did carelessly and negligently collide with plaintiff with great force and violence," constitute a sufficient finding of negligence on the part of the defendant to sustain a judgment in favor of the plaintiff.

[4] ID.—CONDUCT OF PLAINTIFF—CONTRIBUTORY NEGLIGENCE—FINDING. Where the plaintiff, after having parked her automobile in the center of the street in accordance with a traffic ordinance, stepped to the back of her car with the intention of looking northerly past the rear end of another car parked next to her own to see what, if anything, was coming before crossing the

2. Speed of automobile as negligence, notes, 25 L. R. A. (N. S.) 40; 38 L. R. A. (N. S.) 488; 51 L. R. A. (N. S.) 993.

street in a northwesterly direction to the store to which she was going,' and as she was taking a step or two out which she had to take in order to see around the adjoining car she was struck down by the defendant's automobile, which approached rapidly and without warning, the trial court was justified in finding that she was not guilty of contributory negligence.

APPEAL from a judgment of the Superior Court of Alameda County. James G. Quinn, Judge. Affirmed.

The facts are stated in the opinion of the court.

Fitzgerald, Abbott & Beardsley for Appellant.

Charles H. Keller for Respondent.

RICHARDS, J.—This appeal is from a judgment in the plaintiff's favor for the sum of $1,530.74 damages for injuries alleged to have been received by the plaintiff through being struck by the defendant's automobile upon one of the streets of the city of Oakland while the said automobile was being operated by a servant of the defendant in a negligent manner.

A brief statement of the material facts in the case will serve to elucidate the several points urged by the appellant upon this appeal.

Clay Street, in the city of Oakland, at the time of the plaintiff's injuries was one of ' the streets of said city, wherein automobiles were to be parked in the center of the street in accordance with the traffic regulations adopted by the governing body of said city. On December 1, 1917, at about 8 o'clock in the evening, the plaintiff parked her automobile in the center of Clay Street, between 14th and 15th Streets, and having done so walked out from the rear of her machine westerly with the intention of crossing to the westerly side of Clay Street, and was immediately, and when about three feet from the said westerly end of her machine, struck by an automobile of the defendants driven by one of its agents, who was proceeding southerly along said street on the westerly side thereof, from which impact the plaintiff sustained certain injuries from which she suffered severely and by which she was prevented from engaging in her work of selling automobiles upon commission

for several weeks. In her action for damages she sought
to recover not only for her personal injuries, but also spe-
cial damages for her loss of earnings during the period of
her inability to pursue her vocation.

The appellant's first contention is that the evidence is
insufficient to justify the finding of the trial court of neg-
ligence on the part of the defendant. We are unable to
sustain this contention. The evidence showed that Clay
Street in the vicinity of the place of the plaintiff's injuries is
a busy thoroughfare and is a business street, though not
formally so declared to be or marked by signs as such by
the civic authorities. The resolution of the city council
providing for the parking of automobiles in the center of
said street, while it does not so declare in terms, implies
that persons so parking their machines in its center shall
be entitled to cross to its sidewalks from the place of park-
ing at any point along said street. The distance between
the rear ends of machines parked in the center of Clay
Street in conformity with said regulation and the outer
edge of the sidewalk is approximately seventeen feet.
Automobiles which are being driven along said street are
required to proceed northerly on the easterly side of its
center parking lines and southerly on the westerly side
thereof. [1] The defendant's driver was proceeding south-
erly on the westerly side of said street, and was therefore,
generally speaking, where he had a right to be and go,
but that right was to be exercised by him with due regard
to the facts that it was a busy street and that persons park-
ing automobiles in its center were privileged to cross it at
any point from the place of parking their machines to the
sidewalk, and were likely to be exercising that privilege
at any moment. He had approximately eighteen feet within
which to operate his machine, but his duty was to propel
it within said space at such reasonable speed, with such
warnings and at such reasonable distance from the rear
ends of parked machines as not to endanger the safety of
persons exercising their right to pass from the place of
parking to the sidewalk. There is evidence in the record
that the defendant's agent was, prior to and at the moment
of the accident, going over twenty-five miles an hour. There
is also evidence that no warning of his approach was
sounded. Upon both these points the evidence is conflict-

ing, but that conflict the court had a right to resolve in favor of the plaintiff's side of the case. [2] There is no conflict in the evidence as to the fact that the driver of the defendant's machine was proceeding within two and one-half to three feet from the rear ends of the automobiles which were parked in the center of the street. With a space of almost eighteen feet within which to operate his machine it would seem that to do so within that short distance from the row of parked machines, from among which pedestrians were liable to emerge at any moment and any place along his route, would be a fact from which of itself the court might fairly infer negligence on the part of the defendant's driver, which, taken with the court's conclusion as to the rate at which he was traveling, without warning, would be amply sufficient to sustain its finding of negligence to be imputed to the defendant. Such finding, if made, we are not at liberty to disturb.

[3] The appellant, however, contends that the court has made no sufficient finding of negligence on the defendant's part. The court found that the plaintiff's injuries to her person and property were "caused solely by the negligence of the defendant"; and, dealing more specifically with the subject, also found that the plaintiff "was walking in a westerly direction from her automobile and had proceeded approximately three feet from the westerly end of her automobile when an automobile operated by the defendant, by its servant Ray Estudillo, did carelessly and negligently collide with plaintiff with great force and violence," etc. We think the foregoing to be a sufficient finding of negligence on the part of the defendant to sustain the judgment of the court.

[4] The next contention of the appellant is that the evidence established conclusively that the plaintiff was herself guilty of contributory negligence, and hence was not entitled to recover. In support of this contention the appellant insists that the evidence shows that the plaintiff stepped out suddenly from behind her automobile directly in the path of the approaching machine without looking and when it was too near to be stopped in time to avoid a collision. The plaintiff's testimony, however, in that regard, is that after having parked her own machine she stepped to the back of her car with the intention of look-

ing northerly past the rear end of another car parked next to her own to see what, if anything, was coming before essaying to cross the street in a northwesterly direction to the store to which she was going; that as she was taking the step or two out which she had to take in order to see around the adjoining car she was struck down by the defendant's automobile which approached rapidly and without warning. If the trial court accepted this statement of the plaintiff as true, we think its finding that the plaintiff was not guilty of contributory negligence would be sufficiently supported thereby.

The appellant's final contention is that the damages awarded to the plaintiff were excessive; but without attempting to review the evidence upon this point, we are of the opinion that this contention is without merit.

Judgment affirmed.

Waste, P. J., and Kerrigan, J., concurred.