[Civ. No. 500. Fourth Appellate District.—June 8, 1931.]

FRED C. SHURTLEFF, Respondent, v. B. WYNNS, Appellant.

654

John C. Miles for Appellant.

John F. Burton and Hugh Ward Lutz for Respondent.

BARNARD, P. J.—This is an action for damages on account of personal injuries received by the plaintiff in a collision between two automobiles, which occurred in the city of Los Angeles on the thirtieth day of October, 1926. The plaintiff, who is a physician, was on his way to make a professional call and was riding, accompanied by his wife, in a Chandler sedan automobile owned by him and driven by his son Fred L. Shurtleff. As they were pro-

ceeding in an easterly direction on Tenth Street, the defendant, Annie Wynns, accompanied by her young son, was traveling in a southerly direction on Westchester Place. The two cars came into collision at the intersection of these two streets, resulting in the injuries complained of. An answer was filed by B. Wynns alone, and the case was tried by the court without a jury. Judgment was entered in favor of the plaintiff, from which this appeal was taken.

It is contended that any finding of negligence on the part of the appellant would be contrary to the fair import of the evidence. While it is admitted that the testimony of the witnesses is conflicting in regard to any such negligence, appellant earnestly insists that the supposed negligence of appellant could not have been predicated upon any other theory than excessive speed, and that the position of the cars after the accident, and the fact that the two occupants of appellant's car were only slightly injured, conclusively shows, in spite of any evidence to the contrary, that appellant was not traveling too fast. There was evidence that the front end of appellant's automobile struck the rear end of respondent's car; that appellant's car was turned completely around and stopped facing in the direction from which it had been coming, although the point on Westchester Place where it stopped does not appear; and that it had a broken windshield, the front bumper torn off and the front part of the radiator smashed. Respondent's car swerved to the southeasterly corner of the intersection, struck the curb, swerved to about the middle of Tenth Street and tipped over. There was evidence that the appellant entered the intersection ''at a tremendous rate of speed'', or, as testified to by some of the witnesses, at from thirty to forty miles an hour; that she was traveling on her left-hand side of the road; and there was also evidence which justifies the conclusion that the appellant failed to yield the right of way, and that the respondent was entitled thereto under the law then existing. While the evidence as to excessive speed was alone sufficient to sustain a finding of negligence, the operation of the car on the left-hand side of the highway itself constituted negligence *per se* (*Blackwell* v. *American Film Co.*, 189 Cal. 689 [209 Pac. 999]). We are unable to see anything in the position of the cars after the accident to enable us to hold,

as a matter of law, that the appellant was free from negligence. ▮ Great reliance is placed upon the fact that appellant was not injured and that her son received only slight injuries, it being urged that had she been going at an excessive rate of speed, it was inevitable that both of them would have been seriously injured. Common experience shows that such a result does not always follow, and automobiles are often completely destroyed, so far as vehicular usefulness is concerned, while the occupants are uninjured. While some portions of the evidence are favorable to the appellant, nothing here appears other than a conflict in the evidence, and the decision of the trial court cannot be disturbed on appeal (*Hassell* v. *Bunge*, 167 Cal. 365 [139 Pac. 800]).

▮ It is next urged that the finding of negligence on the part of the appellant is not sufficient, because it is general. It is argued that the only possible negligence shown was excessive speed and that the finding of negligence was not sufficient since the court did not specifically find that appellant was driving too fast. Appellant relies on *Ellis* v. *Bonebreak*, 180 Cal. 168 [179 Pac. 893], and *Hagenah* v. *Bidwell*, 46 Cal. App. 556 [189 Pac. 799]. In the first of those cases there was no finding of negligence and no facts found which inevitably showed negligence. In the second case the evidence did not sustain the findings, and certain issues made were not covered thereby. The cases are not in point here. In this case, the court found as follows: "It is true that defendant did at said time and place operate and drive said Essex Coach automobile in a careless, negligent and reckless manner, and it is true that said defendant did so carelessly, recklessly and negligently operate said automobile at the said intersection of Westchester Place with Tenth Street that said automobile came in contact with and collided with the said automobile of said plaintiff, without any fault whatsoever upon the part of the plaintiff."

In two other findings the court found that the respondent suffered the injuries complained of "by reason of the carelessness, recklessness and negligence of said defendant in so operating and driving said Essex Coach and automobile" and "by reason of and as a direct and proximate result of the carelessness, recklessness and negligence of said

defendant in so operating and driving said automobile''. In view of the evidence as to excessive speed and as to driving upon the left-hand side of the highway, these findings are sufficient (*Webster* v. *Motor Parcel Delivery Co.*, 41 Cal. App. 657 [183 Pac. 220]). ▮ Appellant admits that the complaint in this action was sufficient and the court also found that all of the allegations of the complaint were true. The finding, with the very considerable evidence in the record supporting it, is alone sufficient (*Frederick* v. *Terminal Railways*, 48 Cal. App. 336 [191 Pac. 1020]).

▮ It is next urged that there is no sufficient finding upon contributory negligence, which was pleaded as a defense. This attack is directed to finding No. X, which reads as follows: ''It is not true that the plaintiff himself was guilty of negligence directly and proximately contributing to the happening of the accident in that he did not exercise ordinary care or any care for his own safety and it is not true that the plaintiff carelessly and negligently and without due or any regard for his own safety continued to ride in and operate the automobile in which he was riding in a careless and negligent manner contrary to the rules of the road and in violation of the Motor Vehicle Act of the state of California, and it is not true that any or all acts of the plaintiff was done negligently, and it is not true that any or all of which directly and proximately contributed to the happening of the accident.''

It is argued that while it is thus found that the plaintiff himself was not guilty of contributory negligence, his responsibility for the conduct of the driver of his car is not considered. Not only did the court state in another finding that respondent's injuries were sustained ''by reason of and as a direct and proximate result of the carelessness, recklessness and negligence of said defendant in so operating and driving said automobile'', but in finding III the court found as follows: '' . . . it is true that at said time and place plaintiff was riding in a Chandler Sedan automobile owned by plaintiff, and that said Chandler Sedan automobile was being driven and operated in a careful and prudent manner, having regard to the traffic at or near said place, in an Easterly direction upon and along said Tenth Street''. Appellant relies on the case of *Woodhead* v. *Wilkinson*, 181 Cal. 599 [10 A. L. R. 291, 185 Pac. 851]. In that case

it was held that a finding to the effect that the negligent acts and omissions of the defendant were the sole and proximate cause of the injuries, sufficiently covered the matter of contributory negligence. Not only do the two findings to which we have referred, have a similar effect in this case, but the finding that respondent's automobile was being driven and operated in a careful and prudent manner, is a definite finding against contributory negligence on the part of either the respondent or his driver, which is entirely sufficient.

Appellant contends that a finding that respondent was damaged by loss of income in the sum of $2,000 is not supported by the evidence. It is objected that the record does not show that respondent was licensed as a physician. The court found that respondent was a practicing physician and surgeon, and the evidence is uncontradicted that he had practiced that profession in Los Angeles for thirty-two years. The point was not raised in the trial court and the presumption is in favor of the court's finding. In any event, the question before us is not whether respondent was licensed, but is in respect to his income, and the amount he lost during the time he was incapacitated. Without setting forth the evidence in detail, it is amply sufficient to sustain this finding and, in fact, would sustain a finding in a much larger amount.

No errors appearing, the judgment is affirmed.

Marks, J., and Jennings, J., concurred.