[Civ. No. 9152. First Appellate District, Division One.—December 6, 1934.]

THEODORE J. P. MAUS, Respondent, v. SCAVENGER PROTECTIVE ASSOCIATION (a Corporation), Appellant.

Hadsell, Sweet, Ingalls & Lamb for Appellant.

Edwin T. McMurray for Respondent.

THE COURT.—An action to recover damages for personal injuries alleged to have been caused by defendant's negligence.

The suit arose out of a collision between an automobile driven by plaintiff and a truck driven by defendant's servant. At about 8 o'clock A. M. on October 30, 1931, the plaintiff was driving east along Harrison Street in San Francisco. As he approached its intersection with Sixth Street defendant's truck also neared the intersection from the north along the latter street. Plaintiff claimed damages generally for personal injuries and medical expenses, and special damages for loss of earnings for a period during which he was incapacitated. The defendant denied negligence on its part, and alleged that plaintiff's injuries were due to his contributory negligence. A jury returned a verdict in the sum of $4,250, and defendant has appealed. As grounds therefor it is claimed that the evidence shows contributory negligence as a matter of law, and that certain of the court's rulings and instructions were prejudicially erroneous.

The plaintiff testified that his car entered the intersection first and was traveling between 15 and 20 miles an hour; that defendant's truck, which approached from the left, was traveling at from 20 to 30 miles an hour. Various estimates within these limits of the speed of the respective vehicles were given by other witnesses. There was also testimony that the pavement was wet. According to the driver of the truck its tires, which were of solid rubber, were worn quite smooth, and when he applied the brakes in an effort to

stop, the truck skidded and the collision followed. The fact of skidding was also testified to by others. The parties agree that the speed limit at the intersection was 15 miles an hour and that both vehicles were exceeding this limit.

Plaintiff, however, was the first to enter, and consequently had the right of way (California Vehicle Act, sec. 131, subd. [a]). This would, of course, not justify him in disregarding an obvious danger (*Benjamin* v. *Noonan*, 207 Cal. 279 [277 Pac. 1045]); and the fact that he was exceeding the permitted speed constituted negligence which, if it proximately contributed to his injuries, would bar a recovery (*Burtt* v. *Bank of California, etc.*, 211 Cal. 548 [296 Pac. 68]). It is the duty of the operator of a vehicle to drive at a careful and prudent speed not greater than is reasonable and proper, having due regard to the traffic, surface and width of the highway (California Vehicle Act, sec. 113, subd. [a]). We have referred to the fact that the pavement was wet and that the tires of the truck were worn and smooth. In addition the truck was moving at a speed which not only exceeded that permitted by statute, but, in view of the condition of the surface of the street and of the tires, would have justified the jury in concluding that this in itself was careless and imprudent. Plaintiff's car was struck near its rear, and we cannot say that the collision was necessarily due to the fact that he was exceeding the speed limit.

An instruction was given which, after referring to the driver of the truck, read in part as follows: " . . . The defendant, Scavenger Protective Association, is liable and responsible for any act or omission on its part which you believe from the evidence was negligent, if you believe there was any such act or omission." Defendant urges that the instruction was in effect a formula instruction, and was invalid in that it did not require that the negligence of said defendant's employee should be a proximate cause of the injury and did not consider the negligence of plaintiff.

The instruction did not purport to contain all the elements necessary to recovery. The jury was fully instructed elsewhere on the subjects of proximate cause and contributory negligence, and the instruction was consequently within the rule declared in *Douglas* v. *Southern Pacific Co.*, 203 Cal. 390 [264 Pac. 237].

■ Excessive speed at the intersection did not under the statute constitute negligence as a matter of law (California Vehicle Act, sec. 113, subd. 7, subsec. [d]); and it has been held that the fact that plaintiff under conditions similar to those in the present case was traveling three miles an hour in excess of the speed limit did not, in view of the excessive speed of the defendant, necessarily bar a recovery, and the question whether plaintiff's negligence was a proximate cause of his injury was one for the jury, which could reasonably have concluded that the sole proximate cause thereof was the negligence of the defendant and that the plaintiff would not have escaped had he been traveling within the speed limit (*Skaggs* v. *Wiley*, 108 Cal. App. 429 [292 Pac. 132]; see, also, *Godeau* v. *Levy*, 72 Cal. App. 13 [236 Pac. 354]).

The circumstances disclosed by the evidence were sufficient to support the inference that plaintiff's negligence, if any, was not the priximate cause of his injuries, and an appellate court will not review such a finding although in its judgment the opposite inference was equally justifiable, nor will it pass upon the weight or preponderance of the evidence (2 Cal. Jur., Appeal and Error, secs. 549, 550, p. 935; *Packer* v. *Wagner*, 109 Cal. App. 26 [292 Pac. 523]).

■ Complaint is made of an instruction quoting the provisions of the California Vehicle Act respecting the right of way at intersections and the requirement that the driver of a vehicle drive the same at a careful and prudent speed, having due regard to the traffic, surface and width of the highway (California Vehicle Act, sec. 113), and which concluded with the statement that a violation of either of these provisions would constitute negligence which, if it proximately caused injury to another, who was not also guilty of negligence proximately contributing to the injury, would give the latter a right to recover. Defendant claims that the instruction is erroneous in that subsection (d) of subdivision 7 of section 113 of the California Vehicle Act provides that the operation of a vehicle at a speed in excess of the miles per hour set forth in subdivision (b) of the same section shall not constitute negligence as a matter of law.

It is the rule that the driver is not relieved from liability merely because he is not exceeding the specific speed limit

(*Benjamin* v. *Noonan, supra; Bush* v. *Southern Pacific Co.,* 106 Cal. 101 [289 Pac. 190]); and subdivision (b) of section 113 of the act, which provides that it shall be lawful for the driver of a vehicle to drive the same at a speed not exceeding that permitted by the subsections of said subdivision, also provides that the same shall be "subject to the provisions of subdivision (a) of the section, which requires that a vehicle shall be driven 'at a careful and prudent speed, having due regard to the traffic, surface and width of the highway . . . '" and that "no person shall drive any vehicle upon a public highway at such a speed as to endanger the life, limb or property of any person." Subsection (d) of subdivision 7 of the section refers only to speed in excess of that permitted by subdivision (b) of this section, and not to cases where, in violation of subdivision (a) of the section a vehicle has not been driven in a careful or prudent manner, or has been driven at such a speed as to endanger the life, limb or property of another. The latter facts, if found, would constitute negligence (*Benjamin* v. *Noonan, supra*), and the jury was properly instructed accordingly. The other elements necessary to recovery, viz., proximate cause and lack of contributory negligence, were, as stated, fully covered elsewhere.

The portion of the instruction as to the right of way at intersections properly stated the provisions of subdivision (a) of section 131 of the act; and the legal effect of violations of this section is in no way limited by subsection (d) of subdivision 7 of section 113 of the act. The instruction was substantially correct.

This was followed by an instruction that the act provides that "it is lawful for the driver of a motor vehicle to drive at a speed not exceeding fifteen miles per hour in traversing an intersection of highways where the driver's view is obstructed"; further, that it was conceded that the view was obstructed at the intersection and that "the lawful speed . . . for this intersection is fifteen miles an hour." An instruction in the language of the statute is not error (*Garrison* v. *Pearlstein,* 68 Cal. App. 334 [229 Pac. 351]); and while, as above stated, the provision quoted does not give a motorist the right under all conditions to travel at that speed the instruction was correct so far as it went; and if it failed to state a proper qualification or limitation it

was the defendant's duty to request a more specific instruction (*O'Connor* v. *United Railroads,* 168 Cal. 43 [141 Pac. 809]; *Western States Gas etc. Co.* v. *Bayside Lumber Co.,* 182 Cal. 140 [187 Pac. 735]).

■ The jury was instructed "that at the time of the accident involved in this case the Vehicle Act . . . made it unlawful for any person to operate a motor vehicle upon any public highway unless such motor vehicle was in such safe condition mechanically that its operation would not endanger the life of the driver or the lives of occupants of the vehicle or of other persons upon the highway". The instruction was stated in the language of section 93½ of the California Vehicle Act; and it has been held that it is the duty of one operating a motor vehicle to see that it is so equipped in order that it may at all times be under control and not become a menace to other traffic on the highway (*Rath* v. *Bankston,* 101 Cal. App. 274 [281 Pac. 1081]; *Silvey* v. *Harm,* 120 Cal. App. 561 [8 Pac. (2d) 570]). Negligence is always relative to some circumstance of time, place or person, and what would be due care under one set of circumstances would be negligence in changed circumstances (*Smith* v. *Whittier,* 95 Cal. 279 [30 Pac. 529]; *McGraw* v. *Friend & Terry Lumber Co.,* 120 Cal. 574 [52 Pac. 1004]). The evidence of the condition of the tires, the speed of the truck and the surface of the pavement justified the instruction; and the jury might reasonably have concluded that the operation of the truck on a wet and slippery pavement in the manner shown constituted negligence.

■ The jury was further told that they might award damages for permanent injuries if they found that such was the fact, and that if they found for plaintiff, "such sum should be awarded as in your best judgment will fairly and fully compensate him for any injuries received . . . not exceeding the sum claimed in the complaint".

Defendant claims that there was no evidence of permanent injuries. One of the injuries complained of was a sacroiliac strain or sprain. This, physicians testified, might last for months or years and be a source of constant pain, which would affect the plaintiff's ability to attend to business.

■ The further objection is made that the instruction omitted the requirement that the award should be limited to

an amount which would compensate for the detriment proximately caused, and permitted the jury to make an award based upon sympathy.

They were elsewhere charged that they were not to be in any way swayed by sympathy, but that their verdict should be controlled wholly by the evidence and the law; further, that damages for permanent injury must be based upon evidence showing with reasonable certainty that such consequences will ensue from the original injury. This, we think, was sufficient. (See *Zibbel* v. *Southern Pacific Co.*, 160 Cal. 237 [116 Pac. 513].)

 Plaintiff alleged and was permitted over objection to testify that he had suffered special damages in the sum of approximately $1200, due to his inability during a period following his injury to carry on his business; and the jury were instructed that they might consider this as an element of damage in case they found for the plaintiff.

He testified that he was a salesman working on commissions, which were lost while he was disabled; further that, due to his inability to visit his customers, he received fewer orders for goods, and on that account his earnings were less than he had averaged during corresponding periods in previous years in the same territory. Defendant relies in part on cases where damages to businesses involving investments of capital were denied in actions for personal injuries. Here, however, while plaintiff kept a business office in which was a storeroom, and employed a stenographer, unlike the cases referred to, no capital investment was shown. He testified to his sales during corresponding periods in 1928, 1929 and 1930 as compared with those of 1931, and the difference in his earnings based upon commissions, the rate being the same each year. The right to recover such losses as special damages is well settled (*Bonneau* v. *North Shore R. R. Co.*, 152 Cal. 406 [93 Pac. 106, 125 Am. St. Rep. 68]; *Shaw* v. *Southern Pacific R. Co.*, 157 Cal. 240, 242 [107 Pac. 108]; *Hollander* v. *Wilson Estate Co.*, 214 Cal. 582 [7 Pac. (2d) 177]; *Shurtleff* v. *Wynns*, 114 Cal. App. 653 [300 Pac. 890]); and a defendant is not to be relieved from liability merely because the circumstances are such that an exact computation cannot be made (*Hanlon Drydock & Shipbuilding Co.* v. *Southern Pacific Co.*, 92 Cal. App. 230 [268 Pac. 385]). Here the evidence showed with a reasonable degree of certainty the loss which plaintiff suffered in this respect.

The conclusions of the jury were fairly supported by the evidence, and no error has been shown which would justify a reversal.

The judgment is affirmed.