[L. A. No. 4147. Department Two.—March 18, 1918.]

DORA R. HOUSEL et al., Respondents, v. PACIFIC ELEC-TRIC RAILWAY COMPANY (a Corporation), Appel-lant.

[L. A. No. 4148. Department Two.—March 18, 1918.]

LYDIA A. THOMSON, Respondent, v. PACIFIC ELEC-TRIC RAILWAY COMPANY (a Corporation), Appel-lant.

NEGLIGENCE—WAGON COLLIDING WITH STREET-CAR—INJURY TO PAS-SENGER ON CAR—PRESUMPTION.—In an action for damages for in-juries sustained by plaintiffs through the colliding of a heavily laden horse-drawn wagon with one of the defendant's cars on which the plaintiffs were passengers, where the evidence showed that the brake of the wagon broke while the wagon was coming down the hill, on the left-hand side of the track, whereupon the wheel horse on the left-hand side fell, and the wagon then swerved to the left toward the track on which the car was approaching on the upgrade, and a collision occurred, by which the plaintiffs were thrown from the car and injured, there was, under the circumstances, a *prima facie* presumption of negligence against the carrier.

ID.—CONDUCT OF MOTORNEER—FINDING—APPEAL.—Where, in such case, it appeared that the defendant's motorneer, when compelled to meet the runaway team, could have gone ahead, or stood still, or retreated downhill, and he decided to go ahead, the finding of the trial court that if he had stood still the plaintiffs would have escaped injury, and that therefore the motorneer was negligent, is conclusive on appeal.

APPEALS from judgments of the Superior Court of Los Angeles County, and from orders denying new trials. Frank G. Finlayson, Judge.

The facts are stated in the opinion of the court.

Frank Karr, R. C. Gortner, A. W. Ashburn, Jr., and W. R. Millar, for Appellant.

F. McD. Spencer, Thompson & Spencer, Hickcox & Cren-shaw, and Foster C. Wright, for Respondents.

WILBUR, J.—The plaintiffs were injured in a collision between a runaway hay wagon and the street-car of the defendant corporation upon which they were riding as passengers. The cases were tried before the court without a jury; judgment was rendered for the plaintiff in each case, and the matter is before us on appeal from the judgments and orders denying motions for a new trial. These cases have been before this court on a previous appeal and the facts are stated at some length in the opinion on that appeal. (*Housel* v. *Pacific Electric Ry. Co.,* 167 Cal. 245, [Ann. Cas. 1915C, 665, 51 L. R. A. (N. S.) 1105, 139 Pac. 73]; see, also, *Thomson* v. *Pacific Electric Ry. Co.,* 167 Cal. 795, [139 Pac. 75].)

The car upon which the plaintiffs were riding was proceeding easterly along Temple Street, Los Angeles, up a nine per cent grade from Fremont Street. A wagon loaded with nine thousand six hundred pounds of baled hay was coming down the hill on the left-hand side of the street. The brake of the wagon broke, the horses ran downhill, the wheel horse on the left-hand side fell, the wagon then swerved to the left toward the street-car track upon which defendant's car was approaching, a collision occurred, and plaintiffs were thrown from the car and injured. As we held upon the former appeal, there was, under the circumstances, a *prima facie* presumption of negligence against the carrier. The findings state in great detail the evidentiary facts. It is argued that certain of these "findings" are not supported by the evidence; that if we consider what the court did find with reference to certain of the evidentiary facts as true, and hold, as appellant claims we should, that other findings of the trial court were erroneous because unsupported by the evidence, then the case must be reversed. The ultimate question in the case was as to whether or not the defendant was negligent. The court found that it was negligent. If specific findings made by the court were in conflict with that general finding, the question would be different from that presented here. The defendant's motorneer, confronted with the fact that he was compelled to meet a runaway team with nearly five tons of hay, on a steep grade, could have done one of three things: go ahead, stand still, or retreat downhill. He decided to go ahead. The trial court held that if he had not gone ahead, but had stood still, plaintiffs would have escaped

injury, and therefore held that he was negligent.. Appellant claims that it can be mathematically demonstrated that this is incorrect, and that if the car had stopped as soon as possible after the horse fell and the wagon began to swing to the left, it would have been hit anyway, and that, therefore, the accident was inevitable. The question whether or not the motorneer was negligent in adopting the course that he did was for the trial court. We cannot say that its conclusion is not supported by substantial evidence. An analysis of the testimony would serve no useful purpose.

The judgments and orders are affirmed.

Melvin, J., and Victor E. Shaw, J., *pro tem.,* concurred.