[Civ. No. 2061. Second Appellate District, Division Two.—February 7, 1919.]

## MARIE COVEL, Respondent, v. SAMUEL H. PRICE, Appellant.

NEGLIGENCE—PERSONAL INJURIES—AUTOMOBILE ACCIDENT—ACTION FOR DAMAGES—CONFLICT OF EVIDENCE.—In this action for damages for personal injuries received in an automobile accident, the conclusion of the trial court on conflicting evidence as to the defendant's negligence as the cause of accident was amply sustained.

APPEAL from a judgment of the Superior Court of San Diego County. C. N. Andrews, Judge. Affirmed.

The facts are stated in the opinion of the court.

Dorn & Parker for Appellant.

Clarence Harden for Respondent.

SLOANE, J.—Defendant has appealed from a judgment awarding damages against him for an automobile collision. The appeal is taken under the alternative method, and on the sole ground of insufficiency of the evidence. Appellant has failed to print in his brief, or in a supplement thereto, the portion of the record which he desires to call to the attention of the court, as required by section 953c of the Code of Civil Procedure. We have read the transcript of the evidence, however, and fail to find in it any comfort for appellant.

The evidence is conflicting, as it usually is in an automobile accident case, but the weight of it is unquestionably with the plaintiff. The plaintiff and his witnesses substantially agreed in testifying that the automobile in which plaintiff was riding reached the street intersection first, driving at about twelve miles per hour; that defendant was approaching from the left, at a speed of from thirty to thirty-five miles per hour, and ran in front of the machine in which plaintiff was a passenger, skidded and stopped, and was, in consequence, then run into by plaintiff's machine with the resultant injury to plaintiff. If the court accepted plaintiff's version of the facts, which it apparently did, showing that plaintiff's automobile had the right of way, and that defendant was going at an excessive rate of speed for the time and place, the conclusion as to defendant's negligence as the cause of the accident was amply sustained.

The judgment is affirmed.

Finlayson, P. J., and Thomas, J., concurred.