[Civ. No. 2726.   First Appellate District, Division Two.—February 11,
1919.]

FRANCES M. HOLROYD, Respondent, v. GRAY TAXI
COMPANY (a Corporation), et al., Defendants; GRAY
TAXI COMPANY (a Corporation), Appellant.

APPEAL—CONFLICT OF EVIDENCE.—Where there is a conflict of evidence,
the judgment of the lower court will not be disturbed on appeal,
nor will the appellate court undertake to weigh the conflicting evi-
dence.

NEGLIGENCE—ACTION FOR DAMAGES FOR INJURY TO PEDESTRIAN BY AUTO-
MOBILE — EVIDENCE — CUSTOM OF PEDESTRIANS WHEN CONFRONTED
SUDDENLY WITH AUTOMOBILE.—In an action for damages for in-
juries to a pedestrian who was struck by an automobile at a street
crossing, there was no error in excluding a question to an experi-
enced chauffeur as to what was his "observation and experience of
persons when suddenly confronted with an automobile."

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco.   Daniel C. Deasy, Judge.
Affirmed.

The facts are stated in the opinion of the court.

Herbert Choynski and James Raleigh Kelly  for Appellant.

J. J. Murphy and Robert W. Harrison  for Respondent.

BRITTAIN, J.—The appeal is from a judgment for the
plaintiff in a suit for damages for personal injuries.   It was
against the Gray Taxi Company, a corporation, appellant,
and Charles E. Eagleson, who was in the employ of the de-
fendant at the time the plaintiff received her injuries.   The
case was tried by the court sitting without a jury.   The
award was for $1,134, interest and costs.

The plaintiff, a woman of sturdy health, but somewhat past middle age, on August 12, 1915, alighted from a south-bound municipal street-car on Van Ness Avenue when it stopped at Bush Street.

She crossed Van Ness Avenue toward the east to the northeast corner of the street intersection and then turned south on the east side of Van Ness Avenue, crossing Bush Street. Before reaching the south side of Bush Street she was struck by a taxicab belonging to the appellant and driven by the appellant's codefendant. She sustained serious injuries. She was confined to the hospital for a considerable time, and a further time elapsed before she was able to return to the employment from which she earned her livelihood.

On behalf of the appellant it is urged that the evidence was insufficient to support the court's finding that the defendant was guilty of negligence and, further, that it was insufficient to support the finding that the plaintiff herself was not guilty of contributory negligence. Numerous quotations are made in the appellant's brief from evidence of witnesses, including the plaintiff herself, from which it is argued that the appellant's contentions are well founded. In the brief of the respondents other excerpts are quoted from the evidence to support both of the questioned findings. Upon this subject, the case falls directly within the rule that where there is a conflict of evidence, the judgment of the lower court will not be disturbed, nor will the appellate court undertake to weigh the conflicting evidence.

The appellant maintains that the lower court erred in sustaining an objection to a question addressed to the chauffeur defendant by his counsel, reading as follows: "Now, Mr. Eagleson, I understand you to say that you have been a chauffeur six years, during which time you had had an opportunity to observe the habits and customs of people in approaching an automobile. What has been your observation and experience of people when suddenly confronted with an automobile?"

On behalf of the appellant it is argued that the chauffeur, if permitted to answer the question, would have testified, in effect, that "a pedestrian suddenly becoming aware of the approach of a moving vehicle will, almost invariably, jump backward," and that this evidence would have tended to explain the action of the chauffeur in attempting to drive his

machine in front of, rather than behind, the plaintiff as she was crossing Bush Street.

If that was the purpose of the question, it was certainly an improper one. What others may have done when confronted with a sudden danger could not possibly establish a custom by which the plaintiff in this case would have been bound. If the purpose was to show why, when confronted with the sudden appearance of the pedestrian in front of the automobile, the defendant turned to one side or the other, a direct question would have obviated the objection based upon the ruling of which complaint is made, if such evidence would be admissible. The ruling of the lower court was without error.

We have examined the entire record in this case, and we are satisfied that the judgment of the lower court was correct.

The judgment is affirmed.

Langdon, P. J., and Haven, J., concurred.