[Civ. No. 2778. First Appellate District, Division One.—June 13, 1919.]

FREDERICK C. BADGER et al., Respondents, v. CITY AND COUNTY OF SAN FRANCISCO (a Municipal Corporation), et al., Appellants.

[1] NEGLIGENCE—DETERMINATION OF QUESTION—FACTORS TO BE CONSIDERED.—The question whether or not upon a given occasion the conduct of a person is negligent is always comparative and relative. The conduct must be compared to that of an assumed person of ordinary prudence, and must be considered with relation to all the circumstances attending the occasion which might reasonably be taken into consideration by a person of ordinary prudence in determining what his conduct should be; the circumstances to be considered being those which the evidence shows may reasonably be supposed to have been known to such person and to have influenced

his mind and action at the time. These are not, necessarily, the circumstances which afterward, in the light of the event, it can be seen should have been known to him and should have influenced his conduct; nor is his wisdom in determining what to do to be judged by the event.

[2] ID.—QUESTION OF FACT FOR JURY.—In general, negligence is a question of fact for the jury, and the law has fixed no exact standard of care other than the general one that it must be such as a reasonably prudent man would exercise under the particular circumstances. Hence, in ordinary cases, it is peculiarly a question for the jury or court trying the cause to decide as a matter of fact whether or not the person was culpably negligent.

[3] ID.—ACTION FOR DAMAGES FOR DEATH OF PEDESTRIAN—RELATIVE NEGLIGENCE OF PEDESTRIAN AND MOTORMAN—QUESTION FOR JURY—PROVINCE OF APPELLATE COURT.—Where, in an action, against a street railway company to recover damages for the death of a pedestrian due to the alleged negligence of the defendant, it is a close question whether the decedent was negligent in attempting to cross the track under the circumstances shown, or whether the motorman was negligent in not staying the progress of the car until the deceased had a fair opportunity to pass, it is not within the province of the appellate court to interfere with the verdict of the jury which sat upon the case and saw and heard the witnesses.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. John Hunt, Judge. Affirmed.

The facts are stated in the opinion of the court.

George Lull, City Attorney, R. T. Ainsworth, and Chas. S. Peery, Assistant City Attorneys, for Appellants.

Franklin T. Poore for Respondents.

RICHARDS, J.—This is an appeal from a judgment in plaintiff's favor in an action for damages for the death of George H. Badger, the husband of plaintiff Anna B. Badger, through the alleged negligence of the corporation defendant's employees in the operation of its municipal railway, and is taken by said corporation.

The appellant contends that its motion for nonsuit should have been granted; and this having been denied, that the

2. What constitutes ordinary care in a given vocation, note, 136 Am. St. Rep. 222.

verdict of the jury and judgment of the court should have been in its favor by reason of the absence of any evidence showing negligence on the part of its employees, and also by reason of the contributory negligence of the decedent.

On the threshold of an examination into the merit of these contentions the language of Mr. Justice Shaw in the case of *Scott* v. *San Bernardino Valley etc. Co.*, 152 Cal. 606, [93 Pac. 677], may be aptly referred to as indicating the scope of inquiry of this court upon appeal in like cases:

"A street-car operated by defendant collided with a buggy in which the plaintiffs were driving, whereby the plaintiff Jennie R. Scott was thrown out and injured. It is contended that the plaintiff, George H. Scott, was negligent in driving upon and across the track in front of the car, and that this negligence contributed to the injury.

"In considering this proposition it is necessary always to bear in mind that the jury has found to the contrary. In this case it not only returned a general verdict to that effect, but, in answer to a specific question, it declared that George H. Scott did not negligently drive upon the track. If there was any substantial evidence in support of this fact the verdict must stand although the preponderance of the evidence may be against it. [1] The question whether or not upon a given occasion the conduct of a person is negligent is always comparative and relative. The conduct must be compared to that of an assumed person of ordinary prudence, and must be considered with relation to all the circumstances attending the occasion which might reasonably be taken into consideration by a person of ordinary prudence in determining what his conduct should be. The circumstances to be considered are those which the evidence shows may reasonably be supposed to have been known to such person and to have influenced his mind and actions at the time. These are not, necessarily, the circumstances which afterward, in the light of the event, it can be seen should have been known to him and should have influenced his conduct. Nor is his wisdom in determining what to do to be judged by the event. We must, as nearly as possible, put ourselves in his place, he being compelled to act without foreknowledge and with only ordinary prudence and wisdom to guide him. In some particular cases of frequent occurrence it has been established by a long course of judi-

cial decision that certain precautions are presumptively necessary to constitute due care, and that if one of these precautions is omitted negligence will be presumed as matter of law. For example, one who, in traveling a public road, crosses the track of an ordinary steam railroad, must before going upon the track look and listen for an approaching train, and must generally stop for that purpose. If it does not appear that he did these things, he will be considered guilty of negligence unless he shows some extraordinary and unusual conditions which render it unnecessary. [2] But, in general, negligence is a question of fact for the jury, and the law has fixed no exact standard of care other than the general one that it must be such as a reasonably prudent man would exercise in the particular circumstances. Hence in ordinary cases it is peculiarly a question for the jury or court trying the cause to decide as a matter of fact whether or not the person was culpably negligent. Judged by these rules, we think the verdict in this case is supported by sufficient evidence.''

With the foregoing instructive views as our guide, we will address ourselves to the evidence in the case.

On the morning of the fifteenth day of October, 1915, George H. Badger, a man of fifty-nine years of age, residing with his family on Johnson Avenue, near its junction with Geary Street, in the city of San Francisco, left his said home about half-past 6 o'clock on his way to his work, which was that of a porter for a downtown furniture store. He came along the west side of Johnson Avenue to its junction with Geary Street, and there left the curb with the intention apparently of crossing Geary Street to Commonwealth Avenue, which has its junction with the north side of Geary Street nearly opposite Johnson Avenue. Mr. Badger was rather hard of hearing and also did not see well at a distance, although he wore glasses and could see fairly well near at hand. As he stepped from the curb and proceeded to cross Geary Street he was seen by the motorman operating the car by which he was later struck as said car was proceeding westward on Geary Street and while it was somewhat more than 150 feet away from the place where the deceased was when he was thus seen. The motorman states that the deceased while thus walking slowly across Geary Street was facing partially toward the

direction from which his car was coming and was looking straight ahead. The decedent walked to or upon the southerly rails of the defendant's double track and there hesitated or stopped, according to the testimony of the witness, Martin Lambert. In the meantime the car had proceeded westward upon the northerly track to a point fifteen or twenty feet from the place where the decedent was, slowing down as it approached the junction of these streets and sounding the gong occasionally. As the car reached this point it had slowed down almost to a standstill. At this moment the decedent, who had stopped or was hesitating at or upon the defendant's southerly line of tracks, started to cross over when the car also started to go ahead. The motorman, seeing that the decedent had started to cross ahead of his car, rang the bell vigorously and then undertook to stop the car, but was unable to do so, and the decedent was struck and thrown upon the fender of the car, receiving injuries from which he died shortly thereafter. The testimony of the witness, Martin Lambert, who was a passenger upon the car and who was standing near the motorman and in full view of the scene, was as follows: "A man stepped off of Johnson Avenue walking slow . . . walking very slow, and stopped on the other side, on this side of the railroad tracks, kind of hesitating whether he would go or not, it looked that way; he slowed down the car, and as he started the man started to walk, and the fender went down and the man was on the fender"; and again he says: "He almost had the car to a standstill when he started it off again, this man started from the other side of the railroad track. We were on the right-hand track going to the beach, and this man come to a dead standstill on the other side of the track, because he crossed the other side of the track as this man started the car and he fell on the fender"; and again, speaking of the car, he testifies: "We had checked the car almost to a standstill and started off again, and as we started off again the accident happened." It is true that this witness, in a written but unsworn statement given to the defendant's employees a day or two after the accident, gave it as his conclusion that the motorman was not at fault, and that the decedent was entirely to blame, but with this conclusion the jury apparently did not agree. Nor, it may be said, did the trial

court, since it denied the defendant's motion for a new trial. The testimony of the motorman does not very materially disagree with that of the witness Lambert, and these two were practically the only living eye-witnesses to the casualty.

[3] Upon this state of the evidence we are asked to conclude upon appeal that the defendant, through its employees, was not negligent, and that the decedent was guilty of contributory negligence as a matter of law. We are unable to arrive at either of these conclusions, since, in our opinion, to reach either or both of them would be to invade the province of the jury which sat upon the case, saw and heard the witnesses, and had submitted to its discretion and judgment the close question whether the decedent, seeing the defendant's car slow down to practically a standstill at or near a street-crossing, was justified in concluding that it had done so in order to permit pedestrians to pass over, and hence was not negligent in attempting so to do; while, on the other hand, the motorman, having thus brought his car to practically a standstill within a few feet of a pedestrian apparently about to cross over, should not have stayed its progress until the pedestrian had a fair opportunity to pass, and whether he was or was not negligent in going ahead under such circumstances at a rate of speed which made it impossible to stop his car when he discovered the pedestrian had put himself in a place of danger. The jury resolved these matters against the appellant, and with their conclusion in the premises we cannot feel that it is our province to interfere.

In reaching this conclusion we are not unaware of the rules laid down in *Bailey* v. *Market Street etc. Co.,* 110 Cal. 320, [42 Pac. 914], and the cases which follow its decision relative to the rights and duties of railways and pedestrians in respect to the use of the public streets. We agree with the general doctrine announced in those cases, that ordinarily street-cars which run upon rigid rails have the better right to the space the rails occupy to which pedestrians must give way; but we do not find that either the law or the facts of these cases fit the case at bar, where the question is one of fact as between the pedestrian and the motorman, which of these two was negligent in advancing at the particular moment just before the collision took

place. Of this we think the jury was the sole judge, and with its conclusion we will not interfere. In respect also to the doctrine of "last clear chance" we see no room for its application to the instant case under the facts as above set forth.

Judgment affirmed.

Waste, P. J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 11, 1919.

All the Justices concurred, except Wilbur, J., who was absent.