[Civ. No. 3315.  First Appellate District, Division One.—June 28, 1920.]

TILLIE FREDERICK et al., Appellants, v. SAN FRANCISCO–OAKLAND TERMINAL RAILWAYS (a Corporation), Respondent.

[1] APPEAL—FINDINGS—SUFFICIENCY OF EVIDENCE.—If there is any substantial proof in the record to support the findings and decision of the trial court, the appellate court is bound by such findings, and the judgment of the trial court will not be disturbed.

[2] NEGLIGENCE—OVERTURNING OF STREET-CAR—ACTION FOR DAMAGES—FINDINGS—EVIDENCE.—In this action for damages for personal injuries sustained when a street-car of the defendant overturned, the evidence was sufficient to justify the findings of the trial court that defendant was not negligent in the operation of the car in the manner charged in the complaint.

[3] ID.—CONDUCT OF MOTORMAN IN EMERGENCY.—Whether or not a motorman is negligent in adopting one of several courses open to him in an emergency is a question for the trial court.

[4] ID.—ULTIMATE FACT—SUFFICIENCY OF FINDINGS.—In such action, the negligence pleaded in the complaint being the ultimate fact,

the trial court, having found that defendant was free from all of the acts of negligence charged against it in the complaint, was not required to go further and find the facts which would explain the real cause of the overturning of the car or to affirmatively find that defendant at the time of the accident was exercising the highest degree of care in the operation of the car.

[5] ID.—ABSENCE OF FINDINGS ON ADMITTED FACTS—WANT OF PREJUDICE.—In such an action, the plaintiffs are not prejudiced by the failure of the trial court to find on those facts about which there is no dispute, particularly where such facts are not denied by the defendant's answer.

APPEAL from a judgment of the Superior Court of Alameda County. Joseph S. Koford, Judge. Affirmed.

The facts are stated in the opinion of the court.

Ostrander, Clark & Carey for Appellants.

W. H. Smith, A. L. Whittle and Chapman & Trefethen for Respondent.

KNIGHT, J., *pro tem.*—This is an appeal by plaintiffs from a judgment rendered in favor of the defendant San Francisco-Oakland Terminal Railways, a corporation, in an action brought by plaintiff, Tillie Frederick, and her husband, Frank Frederick, to recover damages for personal injuries claimed to have been sustained by Mrs. Frederick through the negligence of the defendants while she was riding as a passenger on the street-car of said defendant corporation in the city of Oakland. The action was tried by the court sitting without a jury. The street-car on which Mrs. Frederick was injured was at the time in charge of the defendant A. H. Stewart, as motorman, and of William J. Morehead, as conductor. The action abated as to the defendant Stewart on account of his death, which occurred prior to trial.

The accident occurred on the evening of October 22, 1916, at about the hour of 9:40. The street-car at the time was traveling eastwardly along East 16th Street and had just crossed the intersection of 12th Avenue, which runs at right angles with East 16th Street, when it was struck by an automobile which had approached at a rapid rate of speed up 12th Avenue and being unable to make the crossing at

East 16th Street without colliding with the street-car had cut across the corner and attempted to make the turn around and down East 16th Street and run parallel with the car, but was unable to do so, and crashed into the side of the street-car, breaking the air pipe-line controlling the air-brakes. There is a descent in the grade on East 16th Street eastwardly from 12th Avenue, and finding that the air-brakes were out of commission, the motorman and conductor applied the hand-brakes; but the speed of the car was not sufficiently checked to prevent it from overturning when it reached a sharp curve at the corner of East 16th Street and 14th Avenue. The plaintiff, Tillie Frederick, was injured when the car overturned.

Many witnesses were sworn on behalf of appellants, but all of them except one gave evidence concerning the character and extent of the personal injuries sustained by Mrs. Frederick. In view of the fact that the lower court held the respondent free from all negligence, those injuries, however serious, become unimportant on this appeal. The only witness for appellants whose testimony related to the cause of the accident was Mrs. Frederick herself.

In presenting their case to the lower court appellants relied upon the doctrine of *res ipsa loquitur* and the presumption of negligence carried with it. (*Bonneau* v. *North Shore R. R. Co.*, 152 Cal. 406, [125 Am. St. Rep. 68, 93 Pac. 106]; *Sellers* v. *Southern Pac. Co.;* 33 Cal. App. 701, [166 Pac. 599]; *Patterson* v. *San Francisco & S. M. R. R. Co.*, 147 Cal. 178, [81 Pac. 531].) And it is contended by appellants on this appeal that the evidence offered by respondent was not only insufficient to rebut the presumption of negligence but, on the contrary, showed that respondent was negligent in the following particulars: that the motorman failed to slacken the speed of the car when he saw the approach of the automobile up 12th Avenue; that he failed to apply the hand-brakes immediately upon learning that the air-brakes were rendered useless; and that he failed to reverse the motor in order to check the speed of the car.

There are no questions of law presented so far as the evidence or its admissibility is concerned. The appeal in the main merely presents the question of the sufficiency of the evidence. [1] According to the well-settled rule, if

there is any substantial proof in the record to support the findings and decision of the lower court, we are bound by such findings, and its judgment will not be disturbed. (*Smith* v. *Gaylord,* 179 Cal. 106, [175 Pac. 449]; *Newman* v. *City of Alhambra,* 179 Cal. 42, [175 Pac. 414]; *Lutz* v. *Merchants Nat. Bank,* 179 Cal. 401, [177 Pac. 158]; *Union Colonization Co.* v. *Madera Canal & Irr. Co.,* 179 Cal. 774, [178 Pac. 957]; *Holroyd* v. *Gray Taxi Co.,* 39 Cal. App. 693, [179 Pac. 709]; *Corel* v. *Price,* 39 Cal. App. 646, [179 Pac. 540]; *Badger* v. *San Francisco,* 41 Cal. App. 571, [182 Pac. 978].)

[2] After a careful examination of the record before us we are of the opinion that ample proof exists to support the decision of the lower court. All of the testimony offered by respondent to rebut the presumption of negligence is in substantial accord, and we find nothing in it, or in the entire record, which indicates that the conclusions reached by the lower court were not justified by the evidence. The street-car was in charge of an experienced crew who were thoroughly familiar with this particular run. The intersection of 12th Avenue with East 16th Street marks the top of a grade on East 16th Street, after passing which there is a descent until 14th Avenue is reached. The car-tracks there take a sharp curve into 14th Avenue. As the car crossed 12th Avenue it was traveling at a rate of speed of from seventeen to nineteen miles an hour. Stewart, the motorman, testified in his deposition that as he crossed 12th Avenue he threw off the electric current and applied the air-brakes in the ordinary and customary manner, preparatory to making a stop at 13th Avenue. He saw the approaching automobile as he passed 12th Avenue, but believing that it would clear the rear end of his car, made no special effort to stop, more than he had already done. The application of the air-brakes reduced the speed of the car to about fifteen miles an hour. As he crossed the east property line of 12th Avenue he noticed the automobile cutting across the curb and making the turn to go down East 16th Street, parallel with the street-car. The front end of the street-car had proceeded no farther than about twenty-seven feet east of the east property line of 12th Avenue when the automobile struck the side of the car. He immediately applied a greater force of air to the brakes and

continued to manipulate the air-brake controller in an effort
to stop the car, until he reached the intersection of 13th
Avenue, when he realized that the air-brakes were of no
avail. The speed of the car had increased in the meantime
to about twenty-four or twenty-five miles an hour. Just
as he crossed 13th Avenue he applied the hand-brakes and,
with the assistance of a passenger named Robbins, who had
been standing near him, the hand-brakes were applied to
the limit. The conductor also applied the hand-brakes from
the rear platform, and the speed of the car was slackened
to about twenty-two miles an hour, but not enough to pre-
vent it from turning over on its side when it took the
curve at 14th Avenue. The testimony of the motorman was
fully corroborated by the witness C. E. Robbins, a pas-
senger who, as above stated, had been standing close to the
motorman and who assisted in applying the hand-brakes.
The conductor, Morehead, testified that he saw the rapid ap-
proach of the automobile as it came up 12th Avenue, and
that as it turned to go down East 16th Street he realized
that a collision was inevitable, and that he "gave three bells
to the motorman, which is the emergency stop"; that the
automobile struck the car and he waited for a return signal
from the motorman, but receiving none, he immediately
jumped to apply the hand-brakes; that as he was pulling
the lever of the hand-brakes he observed a woman passenger
starting to jump off the platform, and he left the brakes
temporarily to restrain the woman from jumping; that he
then again applied the hand-brakes with as much force as
he could; and that he was thus applying the hand-brakes
when the car overturned.

W. P. Jackson, the master mechanic of the respondent
company, was also a witness. He testified that on the
night of the accident, after it had occurred, he examined
the hand-brakes and found nothing wrong with them, and
on the next morning examined the air-brake system and
found that it was in perfect order, except that the "nipple
in the main reservoir line" was cracked in two places,
which he explained was not an old break, and that it was
also dented on the bottom side. He also explained that
enough air would have been left in the air-brake cylinder
and air pipe-line after the automobile ran into the car to
give some indication of air-brake control, and that the mo-

torman would not realize at once that the air pipe-line was broken, because his air-brake equipment would for a few seconds function in part. He further testified that in putting on the air-brakes the brakeshoes will lock and the car slide, and that the practice to test this is to release and reset the brakeshoes until a reduction in speed indicates that the brakeshoes are taking hold properly; that the release is always accompanied by a hissing of escaping air, and that there was enough air left in the air pipe-line and cylinder to give the motorman the impression that the air-brake would take hold properly and stop the car.

On the point that the motorman should have reversed the motor appellants rely upon the printed rules of the company, wherein it is stated that under certain emergency conditions the motor should be reversed, but those printed rules also state that reversing a moving car is a very serious strain on the mechanism, especially if running at a high rate of speed, and must never be resorted to except to avoid accident, and that in every case where a car or train is reversed a prompt report should be made to the station foreman, so that examination can be made of the controllers and motor, and the motorman explained in his deposition that under the conditions present that night it would have been dangerous to reverse the motor, because, he stated, "It would have blown my overhead [fuse] and it would have had no effect."

The evidence narrated shows sufficient justification for the findings of the lower court that respondent was not negligent in the operation of the car in the manner charged in the complaint, which brings the case within the rule that the conclusions of the lower court cannot be disturbed. [3] Whether or not a motorman is negligent in adopting one of several courses open to him in an emergency is a question for the trial court. (*Thomson* v. *Pacific E. Co.*, 177 Cal. 728, [171 Pac. 956].)

[4] Appellants' final point is that the findings do not cover the material issues, the two principal objections urged being that while the court negatives the specific acts of negligence charged in the complaint it fails to find the facts which would explain the real cause of the overturning of the car, and that the court fails to affirmatively find that respondent at the time of the accident was exercising the

highest degree of care in the operation of the car. There is no merit in these objections. The court did find that respondent was free from all of the acts of negligence charged against it in the complaint. The negligence pleaded in the complaint was the ultimate fact, and having negatived the acts of negligence pleaded the court was compelled to go no further. (*Todd* v. *Orcutt,* 42 · Cal. App. 687, [183 Pac. 963].) Whatever outside agencies may have contributed to the cause of accident was immaterial so far as the findings are concerned. **[5]** Neither was there any prejudice to appellants because the court did not find on those facts about which there was no dispute, such as the fact that the car actually overturned, particularly in view of respondent's failure to deny that said car did overturn. (*Tolbard* v. *Cline,* 180 Cal. 240, [180 Pac. 610].) Nor is there anything objectionable in the court's findings as to the injuries of Mrs. Frederick. The court merely found to the effect that such injuries were not caused by the negligence of respondent. There was no attempt to find that she had not been injured at all as a result of the accident, and we do not so construe the findings. Taken in their entirety, · the findings adequately cover all of the issues raised by the pleadings, and are sufficient in form and in substance. In *Cooley* v. *Brunswick Drug Co.,* 30 Cal. App. 58, [157 Pac. 13], it is said: "It is an established rule of law that the findings of the trial court are to receive such a construction as will uphold rather than defeat its judgment thereon; and whenever from the facts found other facts may be inferred which will support the judgment, such inference will be deemed to have been made by the trial court. (*Warren* v. *Hopkins,* 110 Cal. 506, 512, [42 Pac. 986]; *Gould* v. *Eaton,* 111 Cal. 639, 645, [52 Am. St. Rep. 201, 44 Pac. 319]; *Breeze* v. *Brooks,* 97 Cal. 72, [22 L. R. A. 256, 31 Pac. 742].)"

We find no error in the record, and the judgment is, therefore, affirmed.

Waste, P. J., and Richards, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on July 28, 1920, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 26, 1920.

All the Justices concurred.