[Civ. No. 3296. First Appellate District, Division One.—June 28, 1920.]

## HATTIE A. SIMMONS et al., Respondents, v. HENRY H. STEPHENS et al., Copartners, etc., Appellants.

[1] NEGLIGENCE — DEATH OF PEDESTRIAN — ACTION FOR DAMAGES — CAUSE OF DEATH—CONFLICTING EVIDENCE—FINDINGS.—In this action for damages for the death of a pedestrian who, while crossing a street, was struck and instantly killed by an automobile driven by an employee' of the defendants, although the evidence was conflicting, the trial court was fully warranted - in finding upon the facts presented that the proximate cause of the death was the excessive speed of such automobile and the negligent operation of it by the driver.

[2] ID.—DECLARATIONS BY DRIVER SUBSEQUENT TO ACCIDENT—INFLU-ENCE ON COURT—PRESUMPTION.—On an appeal from a judgment in favor of the plaintiffs in such an action, it will not be presumed that the trial court allowed itself to be influenced by the declarations of the driver of the automobile made subsequent to the accident, where such declarations were stricken out by the court on motion of defendants and, at the time such proof was offered, the court expressed doubt as to its admissibility.

[3] ID.—ADMISSION OF MUNICIPAL TRAFFIC ORDINANCE—HARMLESS ERROR.—In such action, the error, if any, in admitting in evidence a municipal traffic ordinance was harmless, where the rate of speed at which the automobile was traveling at the time of the accident was in violation of the state law, and the decision of the trial court was not based alone upon the evidence of excessive speed but also founded upon the negligent operation of the automobile by the driver, which was in violation of the law of negligence as declared in section 1714 of the Civil Code.

APPEAL from a judgment of the Superior Court of Los Angeles County. Dana R. Weller, Judge. Affirmed.

The facts are stated in the opinion of the court.

Duke Stone for Appellants.

H. S. McLaughlin and Muhleman & Crump for Respondents.

KNIGHT, J., *pro tem.*—This is an appeal by the defendants from a judgment rendered against them in an action

brought by the surviving widow and children of Frank
Henry Simmons to recover damages on account of the death
of the said Frank Henry Simmons, who was struck and
instantly killed by an automobile driven by one of the
employees of the defendants. The court, sitting without a
jury, awarded plaintiffs a judgment in the sum of three
thousand dollars.

Appellants contend that the evidence is insufficient to sup-
port the findings, and that the court erred in admitting
certain evidence. There is no merit in either of appellants'
points.

[1] The evidence in many respects is conflicting, but
there is ample proof in the record to support the findings
of the trial court that the deceased met his death through
the negligence of the driver of the automobile. The ac-
cident occurred on January 4, 1918, at about the hour of
7 o'clock in the evening, at or near the intersection of
Seventh and Ceres Streets, in the city of Los Angeles. The
automobile at the time of the accident was being operated
as a stage between San Diego and Los Angeles, and was
on the in-bound trip going toward Los Angeles. Seventh
Street runs east and west, and upon it there is constructed the
double tracks of the street-car company. Ceres Street runs
north and south and intersects Seventh Street. There is
a slight jog in Ceres Street where it intersects Seventh
Street, the northerly intersection being a short distance to
the east of the southerly intersection. The deceased, Sim-
mons, a carpenter by occupation, lived near said intersec-
tion. During the evenings he was employed as doorkeeper
at a moving picture theater located on Seventh Street near
the northwest corner of Seventh and Ceres Streets. On the
evening of the accident Simmons, who was sixty-four years
of age and in full possession of all his faculties, started
straight across Seventh Street, in a direction which, if he
had succeeded in crossing the street, would have brought
him immediately in the front of the theater and only a few
feet west of the most westerly line of Ceres Street. Accord-
ing to the testimony of disinterested eye-witnesses, Simmons,
before starting across the street, stood near the curb and
looked to his left for approaching vehicles which might be
traveling down the right side of Seventh Street. The street
was clear and he started to cross, and when he reached a

point between the north-bound and south-bound street-car tracks he stopped and looked to the left and then to the right, and observing the approach of the automobile stage from his right, remained stationary to allow the stage to pass in front of him. The stage at the time was traveling westwardly on the north side of Seventh Street, with the left wheels running on or a little to the north of the farthest northerly rail of the street-car track. When the stage reached a point about forty or fifty feet from where Simmons had stopped the driver of the stage changed his course slightly to the left, which brought Simmons directly in front of the rapidly moving stage, and before Simmons could get out of the way he was struck by the stage and killed. The stage proceeded some forty feet before it was stopped. The headlights of the stage were lighted at the time, and several witnesses estimated the speed of the machine immediately prior to the impact to be upward of twenty-five miles an hour. It was fully shown that had the stage continued in the straight direction in which it was traveling before the driver deviated its course it would entirely have cleared Simmons. Some of the witnesses testified that the horn was not sounded and others that it was.

The driver of the stage claims, and it is the theory of appellants on this appeal, that Simmons was proceeding across the street with his head down and his hat drawn down over his eyes, looking neither to the right nor to the left, and that as the driver of the stage endeavored to pass Simmons to the left and behind him, Simmons stepped back in front of the machine, and the impact was inevitable.

At best, this testimony raised a mere conflict, and in that state of the record the well-established rule is that the conclusions of the lower court will not be disturbed. (*Holroyd* v. *Gray Taxi Co.*, 39 Cal. App. 693, [179 Pac. 709]; *Covel* v. *Price*, 39 Cal. App. 646, [179 Pac. 540].)

The court found and the evidence shows that there was a space of over fifteen feet of open clear roadway on either side of Simmons through which the stage could have passed without colliding with him, and Simmons · could be seen for a considerable distance down Seventh Street. Under such circumstances it cannot be said that the accident was unavoidable. (*Irwin* v. *Golden State Auto Touring Corp.*,

48 Cal. App.—23

178 Cal. 10, [171 Pac. 1059].) The trial court was fully warranted in finding upon the facts presented that the proximate cause of Simmons' death was the excessive speed of the stage and the negligent operation of it by the driver.

[2] The court did not err in admitting certain evidence, as complained of by appellants. The declarations of the stage driver made subsequent to the accident were stricken out by the court on motion of appellants, and it can hardly be presumed, as appellants contend, that the court allowed itself to be influenced by such evidence, particularly in view of the fact that doubts were expressed by the court as to the admissibility of the proof when it was offered. [3] If it was error at all to admit in evidence the traffic ordinance of the city of Los Angeles, it was harmless, for the reason that the rate of speed at which the stage was traveling at the time of the accident was also in violation of the state law, and the decision of the trial court was not based alone upon the evidence of excessive speed but was also founded upon the negligent operation of the stage by the driver, which was in violation of the law of negligence as declared in the Civil Code (sec. 1714).

We are of the opinion that the judgment of the trial court is correct, and, finding no error in the record, the judgment is, therefore, affirmed.

Waste, P. J., and Richards, J., concurred.