[Civ. No. 8590. Second Appellate District, Division One.—June 29, 1933.]

ERNEST HARRINGTON, Respondent, v. LUIS FREDDI et al., Appellants.

[Civ. No. 8589. Second Appellate District, Division One.—June 29, 1933.]

IDA HARRINGTON, Respondent, v. LUIS FREDDI et al., Appellants.

Albert Nelson and Thomas P. Weldon for Appellants.

Fred A. Schaeffer for Respondents.

YORK, J.—The plaintiffs Ernest and Ida Harrington are husband and wife, and upon stipulation their two actions against the defendants, which arose out of the same automobile accident, were tried at the same time before the same jury, said jury returning a separate verdict in favor of each plaintiff. From the judgments entered pursuant to said verdicts, the defendants appeal.

The accident occurred on the morning of April 23, 1931, on the state highway in the county of San Luis Obispo at a point south of the city of Arroyo Grande and north of the town of Nipomo, as the plaintiff Ernest Harrington, accompanied by his wife Ida Harrington, was driving southerly on said highway in a Star car cut down and equipped for the conveyance of fish, and the defendant Prandini was driving northerly on said highway a truck loaded with cans of milk. The truck was going down a slight grade approaching a curve, and the Star car was approaching the same curve upgrade when the accident occurred and the plaintiffs were badly injured. The complaint in each case alleged that plaintiffs were injured as result of the careless and negligent operation of the truck by the defendant Prandini, as the agent of defendant Freddi, by whom he was employed. The answer in each case admitted the agency and the collision between the two motor vehicles, but denied the other material allegations of the complaint and alleged contributory negligence on the part of each plaintiff.

The appellants make twelve assignments of error: 1. The trial court erred in denying motion for nonsuit; 2 to 8 inclusive. The trial court erred in refusing to give certain instructions requested by defendants; 9. The evidence is insufficient to justify the verdict; 10. The verdict is against law; 11. Plaintiffs were guilty of contributory negligence; 12. The court erred in denying motion for a new trial.

■ Appellants maintain that the motion for nonsuit should have been granted for the reason that plaintiffs' Star car was being operated in an unlawful manner and that, therefore, they were guilty of contributory negligence; one of their contentions being that since the Star car was not equipped with a windshield wiper, plaintiffs were unable to see clearly through the windshield, and that if the Star car had been proceeding at a rate of speed that would have been reasonable at the time the driver thereof saw the truck, it could have been stopped in ample time to have avoided the collision. While it is true that the Star car was not equipped with a windshield wiper, the evidence clearly shows that Mrs. Harrington had wiped the windshield clean before passing Arroyo Grande and before the collision occurred, and further there is no evidence in the record which even tends to show that the plaintiffs were unable to see through the windshield at the time of the collision. ■ Appellants further contend that since there was a curve in the road and the plaintiffs were unable to see 200 feet ahead, they were violating the law in operating their car in excess of 15 miles per hour. There is a conflict in the evidence as to whether the accident occurred on or approaching the curve in question, but, at any rate plaintiff Ernest Harrington testified that he was able to see ahead of his car for about 150 feet and defendant Prandini testified that he saw the Harrington car at least 160 yards before the accident. Furthermore, the jury was taken to the scene of the accident and were unable to determine from observation on the ground just how far a person traveling on the highway could see around the curve in question. As was said in *Badger* v. *San Francisco,* 41 Cal. App. 571, 573 [182 Pac. 978] : "In considering this proposition (contributory negligence) it is necessary always to bear in mind that the jury has found to the contrary. In this case it not only returned a general verdict to that effect, but, in answer to a specific question, it declared that George H. Scott did not negligently drive upon the track. If there was any substantial evidence in support of this fact the verdict must stand although the preponderance of the evidence may be against it." We believe this reasoning is applicable to the facts disclosed in the case before us, and that there was no error in denying the motion for nonsuit.

█ We have carefully examined the instructions complained of—requested by defendant and refused by the trial court—and we are of the opinion that no prejudicial error was committed by the trial court in its refusal to give these instructions, in view of the fact that the court very fully instructed the jury as to the law and facts covered by the pleadings and proven in the case.

We find no merit in the last four points made by appellants.

The judgments appealed from are affirmed.

Conrey, P. J., and Houser, J., concurred.