[Civ. No. 3500. Fourth Dist. Mar. 16, 1948.]

MARGIE VIOLA WILKERSON et al., Appellants, v.
MARION BROWN et al., Respondents.

Duckworth, King & Knauf for Appellants.

Spray, Davis & Gould for Respondents.

GRIFFIN, J.—This action was brought by the heirs of Felix Wilkerson for damages occasioned by his death as a result of a motor vehicle collision. A jury returned a verdict for defendants. A new trial was denied. Negligence of defendant driver and contributory negligence of the deceased were pleaded. The accident happened on March 27, 1946, about 5:30 a. m. at the intersection of Grove and Merrill Avenues in Chino. Wilkerson was driving his maroon-colored Chevrolet car north on Grove. Defendant Marion Brown, employed by defendant Allura Farm Dairy, was driving a one-ton truck, loaded with filled milk cans belonging to defendant employer, in a westerly direction on Merrill Avenue. Each avenue was about 22 feet wide and was paved. A heavy fog blanketed the area although the fog was "spotty." Visibility was from 25 to 100 feet. It was also dark and headlights were burning on both car and truck. Each driver was the sole occupant of the vehicle in which he rode. The point of impact, as evidenced by marks on the highway, appeared to be in the center of the intersection. The Chevrolet car traveled in a northwesterly direction and came to rest on its wheels approximately 73 feet from the projected point of impact. The truck

continued in a northwesterly direction, rolled over, struck a power pole 60 feet from the point of impact, severed it, and came to rest 71 feet northwest of the center of the intersection. Although there were many marks on the highway leading up to the car and truck, no visible rubber marks were left by either vehicle prior to the impact.

Wilkerson was killed and Brown was rendered unconscious but not otherwise seriously injured. He was the only eyewitness to the accident to testify at the trial. He testified, in his deposition received in evidence, that it was foggy; that he didn't have his windshield wiper going right then because he "didn't think there was any need of it"; that he "had just shut it off"; that "it worked good"; that being off it didn't affect his ability to drive; and that it was off at the time. He then said that he was "not sure whether it was on or off." At the trial he testified ". . . I don't believe I had it on at the time"; that he shut it off "because the windshield was not particularly foggy"; that he turned it off when the windshield was clear and on when it started to fog up. As to his speed, he testified that he approached the intersection at a speed of from 25 to 30 miles per hour and when he was 2 or 3 feet from the intersection he observed the Chevrolet car 50 feet away and that the Chevrolet appeared to be traveling faster than his truck.

From photographic exhibits in evidence it appears that the entire right side of the Chevrolet car, from the rear door forward, was driven inward. The left front portion of the bumper on the truck was bent in about 5 or 6 inches and the framework on the truck was pushed against the transmission which was broken. Maroon-colored paint was found on the truck from its cab, on its left side, back toward the rear of the truck. The grill and front bumper on the Chevrolet were gone. Its right front fender was damaged. The windshield was broken.

Brown testified that the Chevrolet car struck the left front wheel and fender of his truck.

From this evidence plaintiffs contend that defendant Brown was guilty of negligence as a matter of law proximately causing the death of Wilkerson, citing such cases as *Harrington* v. *Freddi,* 133 Cal.App. 96 [23 P.2d 525] ; *Mathers* v. *County of Riverside,* 22 Cal.2d 781 [141 P.2d 419].

Plaintiffs' contention (point 1) that the evidence conclusively shows that defendant driver failed to keep his windshield clean and dry and that such conduct was negligence

as a matter of law under section 676, subdivision (c) of the Vehicle Code and was the proximate cause of the accident is not borne out by the evidence. The most that can be said is that there was a conflict in this respect.

The other contention is that the evidence conclusively shows that defendant violated section 511, subdivision (a)(4) by traveling in excess of the speed limit as he approached the intersection when his vision of approaching traffic was obstructed, citing such cases as *Skaggs* v. *Wiley*, 108 Cal.App. 429 [292 P. 132]; and *Potapoff* v. *Mattes*, 130 Cal.App. 421 [19 P.2d 1016]. The evidence clearly presented a factual question for the jury to determine which was presented under proper instructions on the subject. (Veh. Code, § 513; *Matsuda* v. *Luond*, 52 Cal.App.2d 453 [126 P.2d 359]; *Tuderois* v. *Hertz Drivurself Stations*, 70 Cal.App.2d 192 [160 P.2d 554].)

Under point 2 plaintiffs claim that since Wilkerson was dead and unable to testify, he was presumed to be free of negligence in the manner in which he drove, and that there was no evidence in the record to overcome that presumption; that he was, therefore, as a matter of law, not guilty of contributory negligence. The argument overlooks all of the evidence presented to the jury in this case as to the conduct of the deceased immediately prior to and at the time of the happening of the accident. The testimony of defendant Brown and the physical facts shown by the exhibits and related by witnesses were sufficient to create a conflict with any claimed presumption of due care on the part of Wilkerson. The jury, after being fully instructed on the question, decided this issue against plaintiffs. (*Isham* v. *Trimble*, 5 Cal.App.2d 648 [43 P.2d 581]; *Barry* v. *Meddalena*, 63 Cal.App.2d 302, 305 [146 P.2d 974].)

Point 3 involved an instruction (17), offered by plaintiffs in the language of section 676 subdivision (c) of the Vehicle Code, but containing the additional clause: "Failure to comply with the provisions of this section without lawful excuse is negligence." The trial judge deleted the latter part from the instruction. Plaintiffs claim error. The portion deleted was, in substance, included in plaintiffs' instruction No. 19, about which they also complain because the trial judge added an extra sentence thereto. As proffered, it read in part: "If you find . . . that defendant . . . violated any statute . . . relating to the operation of a motor vehicle . . . and you

further find . . . that such violation . . . was a proximate cause of the collision, then you will find for the plaintiffs upon the issue of the negligence of the defendants.'' The court added: ''. . . unless circumstances resulting from causes beyond the control of the defendant Brown were such as to excuse and justify any violation, if you find there was a violation.''

It is argued that the effect of the modification resulted in a failure of the court to instruct the jury that a violation of the sections in question would constitute negligence *per se,* citing *Prescott* v. *City of Orange,* 56 Cal.App.2d 144 [132 P.2d 523] ; *Gallichottee* v. *California Mutual etc. Assn.,* 4 Cal.App.2d 503 [41 P.2d 349] ; *Satterlee* v. *Orange Glenn School District,* 29 Cal.2d 581 [177 P.2d 279]. It will be noted that the portion of instruction 17, offered by plaintiffs and deleted· by the court, did not refer to such failure to comply with that section as negligence *per se* but only that it was negligence. Such was the effect of instruction 19. Plaintiffs offered no instruction requesting the court to instruct the jury that such violation was negligence *per se.*

In the Satterlee case, page 589, the court, after reciting the general rule that in an emergency, or under unusual conditions, it is generally held that circumstances may be shown to excuse the violation, quotes this additional clause: ''However, the fact which will excuse the violation of a statute has been defined by the court as one resulting 'from causes or things beyond the control of the person charged with the violation.' '' (Citing cases.)

 It is true that an act or failure to act below a statutory standard is negligence *per se,* and when the evidence establishes that a violation thereof proximately caused the injury, and no excuse or justification of a violation of such statute is shown, responsibility may be fixed on the violator. The presumption of negligence arising from such a violation is not conclusive, but may be rebutted by showing that the act was justifiable or excusable under the circumstances. These questions are questions of fact for the jury except in a case where the court is impelled to say that from the facts reasonable men can draw only the conclusion that the negligence of the violator contributed to the accident.

 An operator of a motor vehicle which has entered an intersection prior to or at the same time as another vehicle cannot arbitrarily rely on the. right. of way gained as the result of excessive speed or by other negligent act or violation

of law. These are the general principles enunciated in the Satterlee case, where it was held that it was not error to refuse an instruction that plaintiff's violation of the Vehicle Code provisions relating to rights of way at intersections constituted negligence, where such instruction did not tender the issue whether the circumstances were such as to *excuse violation* where there was evidence that the bus had increased its speed before reaching the intersection, and also that the driver did not observe the automobile until almost the moment of the impact. ■ Whether defendant driver did violate any section of the Vehicle Code, in the instant case, was a factual question for the jury. Likewise, if he did violate any such section, then whether such violation was a proximate cause of the accident, and if *there was such a violation* whether it was *excused under the circumstances* were factual questions and not ones of law for this court to determine. (*Prescott* v. *City of Orange, supra.*) Having the Satterlee case in mind, the trial judge modified plaintiffs' instructions accordingly. While the instructions, as modified, did not elaborately present the rule discussed in that case, viewing them in the light of the evidence here presented, there was no conflict between the rule, as discussed, and the instructions here given, as modified. No prejudicial error resulted.

■ Several instructions were given on the various elements of the doctrine of contributory negligence. Under point 4 plaintiffs concede that these elements were properly stated, but argue that since there was no evidence that the deceased was guilty of contributory negligence the giving of such instructions was reversible error, citing *Davenport* v. *Stratton*, 24 Cal.2d 232, 254 [149 P.2d 4]. The evidence, as heretofore pointed out, relative to the operation of the vehicle of deceased and whether he violated the Vehicle Code sections relative to speed, right of way, or whether he negligently failed to observe defendant's truck, under the circumstances, were factual questions for the jury, to be weighed against any presumption of due care running in favor of deceased. No error resulted.

■ Point 5 involves instruction No. 40, relating to unavoidable or inevitable accidents. Plaintiffs claim that the instruction does not point out that if defendant was guilty of negligence which was a proximate cause of the collision, the defense of unavoidable accident must fail; that the trial court's failure to so qualify the instruction was error, since

defendant was guilty of negligence as a matter of law. We have heretofore held against plaintiffs' argument that defendant was guilty of negligence as a matter of law. The instruction itself covers, to some extent, the qualification claimed to be lacking. It states in part that the words "unavoidable" or "inevitable," "simply denote an accident that occurred without having been proximately caused by negligence." A similar instruction was approved in *Temple* v. *DeMirjian,* 51 Cal. App.2d 559, 564 [125 P.2d 544].

Point 6 involves a similar complaint pertaining to instructions Nos. 29, 25, 28 and 20, regarding the imminent peril rule, the relative duties of the respective drivers to exercise ordinary care, and the duty to yield the right of way, which latter instruction followed the language of instruction No. 150 of the California Jury Instruction (Civil). It is claimed that defendant Brown was driving his truck in violation of the law and was therefore guilty of negligence as a matter of law and that the instruction on the imminent peril rule was therefore not applicable. We have disposed of this contention. We have examined the remaining instructions above mentioned. All of them, when considered as a whole and in connection with the other instructions given, were proper. (*Stroud* v. *Hansen,* 48 Cal.App.2d 556, 562 [120 P.2d 102]; *Barlow* v. *Crome,* 44 Cal.App.2d 356 [112 P.2d 303].) As above recorded, the questions here presented under the instructions were factual questions for the jury. (*Florine* v. *Market Street Ry. Co.,* 64 Cal.App.2d 581 [149 P.2d 41]; *Bramble* v. *McEwan,* 40 Cal.App.2d 400 [104 P.2d 1054]; *Maus* v. *Scavenger Protective Assn.,* 2 Cal.App.2d 624 [39 P.2d 209]; *Satterlee* v. *Orange Glenn School District, supra.*) The jury was the trier of the facts and its verdict thereon, having been reached under proper instructions, becomes binding on the issues raised by the plaintiffs on this appeal.

Judgment affirmed.

Barnard, P. J., and Marks, J., concurred.